MOUNT CARMEL HIGH SCHOOL, Plaintiff-Appellee, v. ILLINOIS HIGH SCHOOL ASSOCIATION *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—95—0584

Opinion filed March 29, 1996.

Rooks, Pitts & Poust, of Chicago (Wayne F. Plaza, David J. Bressler, and Kerry L. Garvis, of counsel), for appellants.

Hopkins & Sutter, of Chicago (Michael A. Ficaro, Robert R. Hall, Jr., and Rebecca D. Ward, of counsel), for appellee.

JUSTICE ZWICK delivered the opinion of the court:

This interlocutory appeal of an order granting a preliminary injunction is brought pursuant to Illinois Supreme Court Rule 307(a)(1). 134 Ill. 2d R. 307(a)(1). Because events have rendered the appellants' claims moot, we dismiss the case.

Defendant Illinois High School Association (IHSA) is a voluntary, nonprofit, private association made up of more than 700 Illinois public and private high schools located throughout the State. Plaintiff, Mount Carmel High School, is a member of the IHSA. The stated purpose of the IHSA is, in part, "to provide leadership for the development, supervision and promotion of good sportsmanship in interscholastic competition and other activities in which its member schools choose to engage." Pursuant to this mission, the IHSA and its member schools, including Mt. Carmel, have agreed to be bound by certain bylaws.

On February 3, 1995, the IHSA issued a decision finding that Mt. Carmel's boys varsity wrestling team had violated IHSA bylaw 5.162. This bylaw states that "[n]o Boys Wrestling team representing a member school shall, in any one season, participate in more than *** 4 tournaments exclusive of the IHSA series." As a sanction for the violation, the letter indicated that the IHSA had determined that Mt. Carmel's wrestling team would not be permitted to participate in the regional 1994-95 IHSA AA Dual Team Wrestling Championship to be held at Marist High School on February 7, 1995. The sanction did not affect Mt. Carmel's individual wrestlers, who remained eligible to participate in the nonteam portion of the championship series.

On February 6, 1995, Mt. Carmel filed a verified complaint for injunctive relief against the IHSA and its executive director, defendant David Fry. In the complaint, Mt. Carmel sought a temporary restraining order preventing the occurrence of the February 7 meet. Mt. Carmel alleged that the occurrence of the meet without its participation would have a serious effect on Mt. Carmel's ability to send its team to the state championships should the IHSA's decision ultimately be reversed. The court granted the temporary restraining order and set hearings to consider the issuance of a preliminary injunction.

In the following days the court held hearings at which both Mt.

Carmel and the IHSA presented evidence. Mt. Carmel maintained that the IHSA's decision to sanction its wrestling team was "arbitrary, capricious and unreasonable" and sought to have the sanction against it set aside. The IHSA defended its decision, presenting evidence that its ruling and sanction were consistent with the facts, IHSA past practice, and with the IHSA's charter.

The court entered a preliminary injunction on February 16, 1995. In the order the court enjoined the IHSA from preventing Mount Carmel's team from participation in the upcoming regional event of the AA Dual Team Wrestling Championship. Although the circuit court did not issue a permanent injunction, it also did not set a date for further hearings. It is from this interlocutory order that the IHSA filed its appeal on February 16, 1995.

In their briefs and during oral argument, the parties have indicated that the 1995-96 IHSA Dual Team Wrestling Championship was cancelled by the IHSA shortly after the entry of the court's preliminary injunction. The IHSA maintains that it cancelled the tournament only after Mt. Carmel had made multiple allegations of rule violations against other IHSA member schools. The IHSA claims that when it became clear that it could not adequately complete its investigation of all of Mt. Carmel's allegations before the time of the tournament, it was forced to cancel the tournament out of fairness to all of its member schools. Mt. Carmel takes the position that the tournament was cancelled by the IHSA simply to "rebuke" the circuit court's preliminary injunction order. Mt. Carmel has not alleged, however, that the IHSA violated the court's preliminary injunction in cancelling the tournament.

Regardless of why the state tournament was cancelled, it is now clear that there is nothing this court can do to remedy errors that may have been made by the trial court in issuing its preliminary injunction. The injunction is no longer in effect. This case is therefore moot.

■ A moot case is one which: (1) seeks to determine an abstract question which does not rest on existing facts or rights; (2) seeks a judgment on a pretended controversy; (3) seeks a decision in advance regarding a right that has not yet been asserted and contested; or (4) seeks a judgment upon some matter, which, when rendered, has no practical legal effect on an existing controversy. *City of Chicago v. Airline Canteen Service, Inc.*, 64 Ill. App. 3d 417, 380 N.E.2d 1106 (1978). It is well established that a case may become moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief to any of the parties. *Bluthardt v. Breslin*, 74 Ill. 2d 246, 250, 384 N.E.2d 1309

(1979). This court has found that an injunction that has expired is moot because the court cannot dissolve that which no longer exists. *Emerson Electric Co. v. Sherman*, 150 Ill. App. 3d 832, 836, 502 N.E.2d 414 (1986).

Both the IHSA and Mt. Carmel have conceded that this case is moot. They seek, however, to have us review this case under one of the exceptions to the mootness doctrine. The IHSA seeks to have us review the case under the "capable of repetition, yet evading review exception," while Mt. Carmel claims that the issues raised by the IHSA should be considered because they present a "substantial question of public importance." After careful consideration, we reject both arguments.

■ We have the power to decide technically moot issues if the issues presented are capable of repetition, yet evading review. See, *e.g.*, *Butler v. State Board of Elections*, 188 Ill. App. 3d 1098, 545 N.E.2d 165 (1989). This exception is limited to situations where: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation and (2) where there is a reasonable expectation that the same complaining party would be subject to the same action again. *Butler*, 188 Ill. App. 3d at 1101. The facts in this case do not support invoking this exception. The IHSA has taken the position in its brief that nothing prevents it from sanctioning Mt. Carmel for infractions found to have occurred during the 1995-96 wrestling season. This, the IHSA claims, means that there may yet be a dispute between itself and Mt. Carmel over Mt. Carmel's alleged violation of bylaw 5.162. The IHSA's argument, however, merely convinces us both that there is time for the issues currently raised by the IHSA to be litigated in the circuit court and that any claims the IHSA may wish to bring are not yet ripe for review. Rather than guess at what sanctions the IHSA might ultimately take against Mt. Carmel, and how Mt. Carmel might react to those sanctions, we are of the opinion that the sounder course is to wait until the controversy between these parties is reduced to a final circuit court order. In this way we protect the appellate court from being drawn into a hypothetical dispute on claims as to what the parties may or may not do in the future.

■ Moreover, we cannot agree with Mt. Carmel that this case should be taken under the "substantial public interest exception" to the mootness doctrine. The criteria for application of this exception are established as being: (1) the existence of a question of a public nature; (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties; and (3) the likelihood that the question will recur. *In re A Minor*, 127 Ill. 2d 247, 257, 537 N.E.2d 292 (1989). A clear showing of each crite-

rion is required to bring a case within the public interest exception. See *Kohan v. Rimland School for Autistic Children*, 102 Ill. App. 3d 524, 527, 430 N.E.2d 139 (1981).

Like the "yet-evading-review exception" raised by the IHSA, the public interest exception does not fit the facts of this case. First and foremost, this is a private dispute between private parties. There is simply no question of a "public nature" requiring our consideration. Second, because this is a private dispute, it follows that any decision we would render would not serve to guide public officers in the performance of their duties. Finally, we remain unconvinced that the questions raised by the IHSA are likely to recur in the future. The issue in this case is the proper interpretation of a bylaw which even the IHSA concedes is ambiguous. Although the IHSA membership may elect to leave the bylaw in place as it is currently drafted, we think it just as likely that the bylaw will be clarified so that future disputes such as this one will not recur. In light of the fact that there has not been a clear showing of *any* of the necessary criterion required to make out the public interest exception to the mootness doctrine, we will not invoke that exception.

"Illinois courts do not issue advisory opinions and should not indulge in the practice of rendering opinions simply for the sake of creating precedents to govern future cases." *People v. Halasz*, 244 Ill. App. 3d 284, 285-86, 614 N.E.2d 311 (1993). See also *In re L.L.*, 243 Ill. App. 3d 1010, 1012, 614 N.E.2d 84 (1993); *West Side Organization Health Services Corp. v. Thompson*, 79 Ill. 2d 503, 507, 404 N.E.2d 208 (1980); *People v. S.L.C.*, 115 Ill. 2d 33, 39, 503 N.E.2d 228 (1986). Accordingly, this appeal is dismissed.

For the foregoing reasons, this appeal is dismissed as moot.

Appeal dismissed.

RAKOWSKI and GREIMAN, JJ., concur.