CHICORP, INC., Plaintiff-Appellant, v. GLEN L. BOWER, as Director, Department of Revenue, *et al.*, Defendants-Appellees.

First District (4th Division)  No. 1—01—2426

Opinion filed December 5, 2002.

McDermott, Will & Emery, of Chicago (Richard A. Hanson, Thomas H. Donohue, and Theodore R. Bots, of counsel), for appellant.

134

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of counsel), for appellees.

JUSTICE KARNEZIS delivered the opinion of the court:

Plaintiff, ChiCorp, Inc. (ChiCorp), appeals from an order of the circuit court granting a motion to dismiss filed by defendants, the Illinois Department of Revenue; Glen L. Bower, as Director of the Illinois Department of Revenue; and Judith Baar Topinka, as Treasurer of the State of Illinois (collectively, the Department). The Department's motion was brought pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2000)) and alleged ChiCorp's complaint was moot. On appeal, ChiCorp argues the circuit court erred in granting the Department's motion to dismiss because its complaint was not moot and, in the alternative, the circuit court should have applied the public interest exception. We affirm.

The following pertinent facts were set forth in ChiCorp's complaint. ChiCorp is a registered securities broker that buys and sells various types of securities, including bills, bonds and notes issued by the United States Treasury (U.S. obligations). Prior to 1996, several Illinois statutes provided the gain realized from the sale of certain state bonds was exempt from state income tax, whereas the gain from the sale of their federal counterparts was not. Seeking to remedy this disparity, the Illinois legislature enacted Public Act 89—460, effective May 24, 1996. The introduction to the Act provided, in part:

"Any statutory provision purporting to exempt from taxation any gain realized on the sale or exchange of any bond or note issued under the laws of this State discriminates against those holders of obligations of the United States who are subject to Illinois income tax on gain realized on the sale or exchange of the obligations, and the statutory provision is therefore in violation of the Constitution of the United States and invalid;
***

It is therefore the intent of the General Assembly that the amendments contained in *** this Act do not merely repeal those statutory provisions that purport to exempt gain on the sale or exchange of an obligation and that are held invalid in this Act, but these amendments are declaratory of existing law[.]" Pub. Act 89—460, eff. May 24, 1996.

Prior to the enactment of Public Act 89—460, ChiCorp excluded from its state income tax the gain on the sale of U.S. obligations for the tax years ending March 31, 1996, and December 31, 1996. ChiCorp believed that if the gain on the sale of various state bonds was exempt from state taxation, then the gain on the sale of U.S. obligations was

also exempt. During the tax year that ended March 31, 1996, ChiCorp sold U.S. obligations at a total gain of $73,934,473. During the tax year that ended December 31, 1996, ChiCorp sold U.S. obligations at a total gain of $48,069,692.

The Department audited ChiCorp's state income tax returns for the above tax years and determined ChiCorp owed an additional $1,019,656, plus $233,133 in statutory interest. Still believing it did not owe the money, ChiCorp paid the amount into the Department's "protest fund," as provided in section 2a of the State Officers and Employees Money Disposition Act (30 ILCS 230/2a (West 2000)), also known as the Protest Act. Pursuant to the Act, ChiCorp filed a complaint in the circuit court against the Department, seeking the return of the money. The complaint alleged that because Illinois had exempted from taxation the gain on the sale of certain state bonds, ChiCorp was entitled to subtract the gains from the sale of U.S. obligations in computing its base income for the tax years ending March 31, 1996, and December 31, 1996. The complaint further alleged the provisions in Public Act 89—460 that purported to eliminate the Illinois income tax exemptions for gains on the sale of exempt Illinois obligations were unconstitutional and void.

Specifically, the complaint sought: an order finding ChiCorp was entitled to subtract gains from the sale of U.S. obligations in computing its base income for the tax years ending March 31, 1996, and December 31, 1996; an order directing the Department to return the tax and interest paid under protest; an order finding the provisions of Public Act 89—460 that eliminated the exemption for certain state bonds unconstitutional, and as such, void and unenforceable; and an order finding the Department had not legally remedied and could not legally remedy the discrimination against holders of U.S. obligations prior to 1996 by collecting additional tax from taxpayers who sold exempt Illinois obligations at a gain.

The Department moved to dismiss the complaint pursuant to section 2—619 of the Code of Civil Procedure. The Department filed a brief in support of the motion, which maintained that it would return the money paid into the protest fund, plus interest, and would not attempt to recover those funds in the future from ChiCorp. The Department, however, refused to concede the merits of the case. The brief concluded there was no longer a justiciable issue and the matter was moot. An affidavit from Michael Scaduto, manager of the audit bureau of the Department, was attached. Scaduto averred the assessment issued to ChiCorp was only a "proposed" assessment and was not a final notice such as a notice of deficiency. He further averred the Department was under instructions not to issue any notices of

deficiency on the question of gain on the sale of U.S. obligations and ultimately the Department would not have assessed the tax.

The circuit court granted the Department's motion, finding the complaint moot. The court's order provided the funds paid into the protest fund, plus statutory interest, were to be returned to ChiCorp, but stayed the order pending this appeal.

## I. Mootness

ChiCorp contends its complaint is not moot because the Protest Act provides for a judicial determination of the correctness of tax claims, independent of the Department's decision not to assess the tax. ChiCorp further argues the circuit court misunderstood the Protest Act when it determined ChiCorp's remedy was limited to the proper disposition of the money in the protest fund. ChiCorp maintains that returning the money without conceding the merits of the case has not decided the question of whether ChiCorp was "properly" entitled to the money.

The Department maintains ChiCorp's relief under the Protest Act is limited to a determination of the proper disposition of the money in the protest fund, and because the Department has agreed to return the money, ChiCorp's complaint is moot.

■ Initially we note the Department maintains ChiCorp has raised the above arguments for the first time on appeal and they are waived. The Department alleges ChiCorp's arguments in the circuit court were based on the exception to the mootness doctrine, whereas on appeal ChiCorp argues for the first time its complaint is not moot. ChiCorp disagrees and argues it has consistently maintained the Protest Act gives the court the power to decide the case on its merits.

In ChiCorp's response to the Department's motion to dismiss, ChiCorp maintained it was entitled to an order deciding the merits of the case. Therefore, we agree ChiCorp has not waived its right to make such an argument on appeal.

■ Section 2—619(a)(9) allows for dismissal of a cause of action when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2000). The term "affirmative matter" as used in section 2—619(a)(9) has been defined as "a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint." *Consumer Electric Co. v. Cobelcomex, Inc.*, 149 Ill. App. 3d 699, 703 (1986). On appeal, the question that must be determined is " 'whether the existence of a genuine issue of material fact should

have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *Zedella v. Gibson*, 165 Ill. 2d 181, 185-86 (1995), quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). The appropriate standard of review to be applied is *de novo* review. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 189 (1997).

■ An issue is moot where there remains no live controversy between the parties. *In re E.G.*, 133 Ill. 2d 98, 105 (1989). "An issue is moot when its resolution could not have any practical effect on the existing controversy." *La Salle National Bank, N.A., v. City of Lake Forest*, 297 Ill. App. 3d 36, 43 (1998). In other words, "if an actual controversy no longer exists between the parties and the interests and rights of the parties are no longer in controversy," the issue is moot. *La Salle National Bank*, 297 Ill. App. 3d at 43.

Section 2a of the Protest Act provides "[t]he judicial remedy herein provided, however, relates only to questions which must be decided by the court in determining the proper disposition of the moneys paid under protest." 30 ILCS 230/2a (West 2000).

■ We conclude the circuit court properly dismissed ChiCorp's complaint as moot because there was no longer an actual case or controversy existing between the parties. It is evident from the pleadings and the facts in this case that the parties agreed on the disposition of the money. ChiCorp's complaint sought an order returning the money, and the Department agreed. The relief afforded to the taxpayer as provided by the Protest Act is limited to the proper disposition of the money. Therefore, there is no question or controversy to be decided by this court. Although ChiCorp argues its complaint sought additional relief, such as a declaration that ChiCorp was entitled to exclude the gains from the sale of U.S. obligations from its base income, deciding these additional issues when there is no controversy before the court would be improper; doing so would constitute an advisory opinion. Because there is no longer a genuine issue of material fact, we find the trial court's order dismissing ChiCorp's complaint as moot proper.

Our conclusion that the relief provided in the Protest Act is limited to the proper disposition of the money in the protest fund is in line with existing case law. For example, in *Caterpillar Financial Services Corp. v. Whitley*, 288 Ill. App. 3d 389 (1997), this court found on appeal that because the parties agreed an undisclosed amount of money still remained in the protest fund over which the court's judgment would effect, the plaintiff's complaint was not moot and the court could reach the underlying constitutional issues raised in the plaintiff's complaint. The court reasoned that because "funds still remain in the protest fund over which the circuit court retains jurisdiction and this

court's ruling would effect those funds," "our decision would effect an actual controversy and would not be an advisory opinion." *Caterpillar*, 288 Ill. App. 3d at 396.

In the case at bar, because there is no money in the protest fund this court's judgment would effect, a ruling on ChiCorp's additional arguments would constitute an advisory opinion.

ChiCorp relies heavily on *Chicago & Illinois Midland Ry. Co. v. Department of Revenue*, 63 Ill. 2d 474 (1976). In *Chicago & Illinois Midland Ry.*, the taxpayer paid the tax under protest pursuant to the Protest Act before it had received a formal notice of tax liability from the Department. The Department petitioned the court to enter an order refusing to decide the merits of the complaint and directing the railway to first pursue its administrative remedies. The Illinois Supreme Court summarized the issue on appeal as "whether, where a system of agency or departmental hearings is available and the final decision of the department or agency is reviewable under the Administrative Review Act, a taxpayer may seek a judicial determination under the Protest Act of the propriety of a disputed tax without exhausting the administrative remedies." *Chicago & Illinois Midland Ry.*, 63 Ill. 2d at 478. The court answered the question in the affirmative. In doing so, the court reasoned the Protest Act gave courts the authority "to hear the merits of those cases in which the taxpayer was willing to pay the tax under protest and proceed under the Protest Act." *Chicago & Illinois Midland Ry.*, 63 Ill. 2d at 483.

We do not believe the holding in *Chicago & Illinois Midland Ry.* can be extended to the situation presented by the case at bar. *Chicago & Illinois Midland Ry.* addressed neither the question of mootness nor whether a court had the authority to hear the merits of those cases in which the Department agreed to return the money paid into the protest fund. The court addressed the narrow issue of whether a taxpayer first had to exhaust its administrative remedies before pursuing an action in court under the Protest Act. To extend the court's reasoning to hold that a court has the authority to hear the merits of a moot case would be taking the court's words out of context and extending them to a situation never contemplated by the court. Therefore, we are not persuaded by ChiCorp's reliance on *Chicago & Illinois Midland Ry.*

## II. Public Interest Exception

Having determined ChiCorp's complaint was properly dismissed as moot, we must also determine whether the circuit court properly declined to apply the public interest exception.

■ In determining whether this exception applies, courts consider

whether (1) the question is of a public nature; (2) an authoritative resolution of the question is desirable for the purpose of guiding public officers in the performance of their duties; and (3) the question is likely to recur. *Lucas v. Lakin*, 175 Ill. 2d 166, 170 (1997). A clear showing of each factor is required to bring a case within this exception. *Mount Carmel High School v. Illinois High School Ass'n*, 279 Ill. App. 3d 122, 125-26 (1996). "Only on rare occasions do we invoke the public interest exception." *People ex rel. Partee v. Murphy*, 133 Ill. 2d 402, 410 (1990). We review the circuit court's determination under an abuse of discretion standard. See *Sharma v. Zollar*, 265 Ill. App. 3d 1022, 1026 (1994).

■ ChiCorp argues the public interest exception applies because (1) U.S. Treasury obligations are widely held; (2) the issue will recur because many taxpayers have viable claims for periods prior to the effective date of Public Act 89—460; and (3) public interest demands a clear determination of the issue because the public is entitled to be fully informed of the Department's policies regarding the proper application of Illinois tax law. Plaintiff cites to *McLean v. Department of Revenue*, 184 Ill. 2d 341 (1998), for the general proposition of law regarding the exception; however, it does not analogize to any cases in support of its argument.

We agree with the circuit court's order and find no compelling reason to apply the exception. In reaching our conclusion, we are mindful of our supreme court's guidance that the exception should only be invoked on "rare" occasions. Most persuasive in declining to apply the exception is our determination that in light of the enactment of Public Act 89—460, the question will not likely recur. Further, we are neither aware of any cases similar to the case at bar where the exception has been applied nor does ChiCorp cite to any.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

THEIS, P.J., and GREIMAN, J., concur.