# Illinois Official Reports

## Appellate Court

***Maday v. Township High School District 211*, 2018 IL App (1st) 180294**

| | |
|---|---|
| Appellate Court Caption | NOVA MADAY, Plaintiff-Appellant, v. TOWNSHIP HIGH SCHOOL DISTRICT 211, Defendant-Appellee, and STUDENTS AND PARENTS FOR PRIVACY, a Voluntary Unincorporated Association, Intervenor-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-18-0294 |
| Filed | November 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-CH-15791; the Hon. Thomas R. Allen, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | John Knight and Ghirlandi Guidetti, of Roger Baldwin Foundation of ACLU, Inc., Neil Lloyd, Meredith DeCarlo, and Carly E. Weiss, of Schiff Hardin LLP, and Jeffrey H. Bergman, of Mandell Menkes LLC, all of Chicago, for appellant.<br><br>Sally J. Scott, Michael A. Warner Jr., and Jennifer A. Smith, of Franczek Radelet PC, of Chicago, for appellee.<br><br>Thomas Brejcha and Thomas Olp, of Thomas More Society, of Chicago, for intervenor-appellee. |

James W. Ducayet, Tara Amin, and Joseph Regalia, of Sidley Austin LLP, of Chicago, for *amici curiae* AIDS Foundation of Chicago *et al.*

Julia R. Lissner, Gregory A. Kubly, and Stacey L. Callaghan, of Akerman LLP, of Chicago, for *amicus curiae* Illinois Safe Schools Alliance.

Robert R. Stauffer, of Jenner & Block LLP, of Chicago, for *amici curiae* American Medical Association *et al.*

Sharee S. Langenstein, of Murphysboro, and Gerard V. Bradley (*pro hac vice*), of Notre Dame Law School, of Notre Dame, Indiana, for *amici curiae* Paul R. McHugh, M.D., *et al.*

Vincent Auricchio, of Chicago, and Kara Dansky, of Washington, D.C., for *amicus curiae* Women's Liberation Front.

Panel      JUSTICE HALL delivered the judgment of the court.
         Presiding Justice Rochford specially concurred, with opinion.
         Justice Reyes specially concurred, with opinion.

**OPINION**

¶ 1  In this interlocutory appeal, plaintiff Nova Maday appeals from a January 25, 2018, order of the circuit court of Cook County, which denied her motion for a preliminary injunction. The initial question we must address in this appeal is whether plaintiff's interlocutory appeal from the denial of her preliminary injunction motion, seeking her unrestricted use of the girls' locker room for her last semester of high school, is moot as plaintiff graduated from high school on May 20, 2018. We find that it is and dismiss the appeal. At the outset, we find it necessary to note that the parties ignored the scope of an interlocutory appeal from the denial of a preliminary injunction motion with their pleadings before this court and attempted instead to have this court render a decision on the merits.

¶ 2            I. BACKGROUND
¶ 3           A. Federal Litigation
¶ 4  Since 2013, Township High School District 211 (the district) has been involved in federal litigation relating to transgender student locker room use. Initially, the Office of Civil Rights for the U.S. Department of Education (Office of Civil Rights) alleged that the district discriminated against a transgender high school student by denying her access to the girls'

locker room.[1] In December 2015, the Office of Civil Rights and the district entered into a Resolution Agreement whereby the transgender student was given locker room access based on her representation that she would change her clothes in private changing stations.

¶ 5    On May 4, 2016, a group called Students and Parents for Privacy (SPP), who represented 50 of the district's families, filed a complaint in federal court, arguing that the Resolution Agreement (and corresponding restroom and locker room access) violated female students' right to privacy and created a hostile environment. *Students & Parents for Privacy v. United States Department of Education*, No. 16-cv-4945, 2016 WL 6134121 (N.D. Ill. Oct. 18, 2016). They sought a preliminary injunction to deny access to transgender students, which the district court denied in December 2017, relying in part on the privacy protections in place for students in the locker rooms. The case remains pending in the United States District Court for the Northern District of Illinois.

## B. Plaintiff's Human Rights Charge

¶ 7    On September 8, 2016, while plaintiff was still a minor, her mother filed a charge on her behalf against the district with the Illinois Department of Human Rights (IDHR), alleging unlawful discrimination in violation of the Illinois Human Rights Act (Act) 775 ILCS 5/1-101 *et seq.* (West 2016)) by denying her use of the girls' locker room because she is transgender. On or about September 6, 2017, IDHR mailed its notice of dismissal for lack of substantial evidence to counsel for the parties.

## C. Plaintiff's Senior Year

¶ 9    On July 24, 2017, just prior to plaintiff's senior year of high school at Palatine High School, she indicated to her school support team[2] (the team) that she planned to enroll in Adventure Education as her physical education (P.E.) course for her senior year. Adventure Education's curriculum included a swimming component, and students were required to change into swimsuits. The district offered plaintiff use of the girls' locker room if she agreed to change her clothes in a changing stall within the locker room. The changing stalls were located within the girls' locker room near the student lockers and "open" changing areas. Other students regularly used the changing stalls to change clothes. The girls' locker room also had a curtained shower area that provided privacy for showering. According to the district, plaintiff would have had full access to the locker room with her peers, an assigned locker, and full use of the other amenities such as sinks, mirrors, hair dryers, and electrical outlets. She would not have been individually monitored and could have used the locker rooms "openly," as several other transgender students did within the district. However, plaintiff's mother declined to agree that plaintiff would change clothes within a stall and asked that plaintiff be excused from P.E. as she was the previous year. The team agreed to grant plaintiff a P.E. waiver for her senior year.

---

[1]No case number was provided.

[2]The support team—consisting of district administration, plaintiff, and plaintiff's mother—met to develop a written plan of support for plaintiff each school year.

¶ 10                              D. The Current Litigation

¶ 11        Plaintiff, after reaching 18 years of age, filed a complaint in the circuit court of Cook County, seeking injunctive and other relief against the district. Plaintiff alleged that the district violated the Act (775 ILCS 5/5-102 (West 2016)) pertaining to places of public accommodation by treating her differently from other high school girls solely because she was transgender. Specifically, plaintiff alleged that the district denied her unrestricted use of the girls' locker room to change into required clothing for P.E. class while permitting all non-transgender girls to use the locker room to change without restrictions. In the complaint, plaintiff alleged that the district told her that she could use the girls' locker room but only if she agreed to dress in an "unspecified private changing area" within the locker room, even though the district did not require other girls to do so. Plaintiff further alleged that the district's discriminatory treatment of her constituted illegal discrimination on the basis of gender identity in a place of public accommodation under the Act. See 775 ILCS 5/1-102(A), 1-103(O-1) (West 2016). As part of her prayer for relief in her complaint, plaintiff sought a cease and desist order that would allow her and other transgender girls to use the girls' locker room to change for P.E. on the same terms as other high school girls and to take P.E. during her last semester of high school, which would begin on January 9, 2018. Plaintiff also sought unspecified actual damages, interest, and attorney fees and costs. Plaintiff filed both her complaint and a motion to proceed under her preferred name on November 30, 2017,[3] and the motion was granted by the circuit court on December 8, 2017.

¶ 12                        E. Plaintiff's Preliminary Injunction Motion

¶ 13        On December 13, 2017, plaintiff filed a motion for preliminary injunction, seeking to enjoin the district from denying her unrestricted use of the girls' locker room to change for P.E. class during her last semester of high school solely on the basis of her transgender identity, in violation of section 5-102 of the Act. 775 ILCS 5/5-102 (West 2016). Plaintiff sought "full and equal access" to the girls' locker room as required under the Act.[4] Unlike the requested relief in her complaint, plaintiff sought only personal relief in her motion for preliminary injunction. In support of her motion, plaintiff restated the allegations made in her complaint. As additional support for her motion, plaintiff attached her affidavit, her mother's affidavit, and an affidavit from Dr. Randi Ettner, a psychologist and plaintiff's expert witness.

¶ 14        The district's brief in response to plaintiff's motion for preliminary injunction was filed under seal in the circuit court on January 8, 2018. A redacted version of the district's response was included with the record on this appeal.[5]

¶ 15        In its response, the district asserted that, as part of its role in providing an environment conducive to learning for all of its 12,000 students, it balances appropriate facility access for transgender students with privacy safeguards for all students. The district further asserted that plaintiff was asking the circuit court to disrupt the careful balance and enter a preliminary injunction that was without any prior legal precedent in Illinois or elsewhere.

---

[3]Nova Maday is not the name she was given at birth. Plaintiff has used the name Nova at school and in the community since October 2014.

[4]We note that the statute refers to "full and equal enjoyment" of public accommodations. See 775 ILCS 5/5-102(A) (West 2016).

[5]The district's attachments to its response were not made part of the record filed on appeal.

¶ 16  The district asserted that in the present case, plaintiff was offered locker room access under the same terms that the Office of Civil Rights authorized as being fully compliant with federal civil rights protections in the Resolution Agreement reached in the prior case, but plaintiff rejected that offer. The district pointed out that it has accommodated plaintiff with her preferred use of name and pronouns, changed her student records, given her restroom access, and otherwise supported her transition. The district maintained that there was no legal basis for the circuit court to enjoin it from continuing its measured, common sense practice for locker room use while the litigation proceeds.

¶ 17  The district further asserted that plaintiff was not entitled to a preliminary injunction because she could not satisfy the standards for a preliminary injunction. First, the district contended that section 5-102 (775 ILCS 5/5-102 (West 2016)) did not apply to it because section 5-102.2 (775 ILCS 5/5-102.2 (West 2016)), which amended the Act and applied to schools, only required access to facilities, not full and equal enjoyment of the facilities. The district also noted that the distinction is acknowledged by the IDHR on its website; on the page referencing "Public Accommodations Charge Information," under the heading "Prohibited Public Accommodation Actions," the IDHR lists examples of prohibited discrimination:

> "A place of public accommodation: To deny or refuse the full and equal enjoyment of facilities, goods and services.
>
> ***
>
> A place of education: To refuse to enroll, allow access to facilities, goods or services; or engage in or fail to take corrective action to stop severe or pervasive harassment." *Public Accommodations Charge Information*, Ill. Dep't of Human Rights, https://www2.illinois.gov/dhr/filingacharge/pages/public_accommodations.aspx (last visited Nov. 26, 2018) [https://perma.cc/NY4B-JRLV].

The district maintained that the IDHR clearly recognizes that a place of public accommodation and a place of education have differing obligations regarding access to facilities. To the extent that plaintiff had a clearly ascertainable right, the district asserted that it was simply access to the locker room.

¶ 18  Moreover, the district contended that plaintiff was not likely to succeed on the merits because she was not denied access to the locker room and noted the IDHR's finding of the lack of substantial evidence because "[its] investigation did not show, nor did [plaintiff] provide, evidence that [the district] engaged in unlawful discrimination when it provided [plaintiff] with alternative locations to change for P.E. instead of the girls' locker room."

¶ 19  The district concluded that if providing alternative locations to change for P.E. did not violate plaintiff's right to access facilities, then providing access to the locker room with the condition that she use a private changing area to change clothes certainly did not violate her right to access facilities. The district also asserted that plaintiff failed to allege facts constituting irreparable injury and instead relied on the affidavit of Dr. Ettner. The district's expert witness, Dr. Beth Rom Rymner,[6] explained that Dr. Ettner made "no case" for her conclusion that any anxiety and depression suffered by plaintiff was the result of the district telling her that she must change in private to use the girls' locker room.

---

[6]Although referenced in the district's response, Dr. Rymner's affidavit was not included in the district's partially redacted response that plaintiff filed with the record on appeal.

¶ 20    Finally, the district asserted that the balance of harms weighed against a preliminary injunction. The district again noted the decision of the magistrate judge in the pending federal suit filed against it by the 50 families who oppose any access to restrooms and locker rooms for transgender students and argued that should the circuit court issue an injunction allowing plaintiff unconditional access to the locker room, despite the clear wording of the Act, the district would be "stripped of the necessary discretion to design workable approaches," and the decision in the federal court litigation may need to be revisited and reconsidered. As found by the federal magistrate judge, the district maintained that it had struck the appropriate balance between the privacy rights of other students and plaintiff's right of access under the Act. The district further noted that the Office of Civil Rights approved the balance struck by its approach of offering conditional access to transgender students, as did the local community.

¶ 21    On January 10, 2018, SPP filed a verified emergency petition for leave to intervene as of right or, alternatively, by permission in the pending litigation between plaintiff and the district. SPP, represented to the circuit court that it "exist[ed] to advocate for and defend the privacy interests of its student members, particularly with regard to District 211's communal privacy facilities, including restrooms, locker rooms, shower rooms, overnight accommodations on school-sponsored trips, and other similar facilities that are lawfully reserved for members of one sex to ensure their bodily privacy while changing clothes or attending to personal hygiene."

¶ 22    According to its petition, SPP maintained that its student members objected to sharing privacy facilities with a student of the opposite sex, regardless of that student's state of mind regarding his or her sex. SPP asserted that its application was timely, as it was filed just six weeks after the initial filing of the case and prior to any substantive rulings by the circuit court. SPP also maintained that its interest in protecting its members' privacy was distinct from both plaintiff's and the district's, and that there was no commonality of legal and factual positions between the plaintiff, the district, and SPP regarding the appropriate treatment for gender dysphoria as a matter of public policy. The circuit court granted SPP's application to intervene as a defendant on January 17, 2018.[7]

¶ 23    In its response to plaintiff's motion for preliminary injunction, SPP contended that plaintiff's asserted right was not clearly ascertainable because it failed to account for the Act's explicit exemption for single-sex privacy facilities in section 5-103(B) (775 ILCS 5/5-103(B) (West 2016)). It argued that the district's requirement that plaintiff use the "privacy curtain" as a condition of gaining access to the girls' locker room was based solely on plaintiff's "sex" at birth (male) and had nothing to do with plaintiff's "gender-related identity" (female). Instead, SPP contended that the restriction aimed to protect members of the female "sex" from the invasion of privacy by members of the male "sex" in a female locker room setting, where dressing and disrobing together with the risk of bodily exposure regularly occur.

¶ 24    SPP further asserted that plaintiff failed to demonstrate a likelihood of success on the merits, as confirmed by the IDHR's dismissal of her claim for lack of substantial evidence. SPP maintained that consideration of the status quo favored rejection of plaintiff's motion for preliminary injunction because it sought to change the status quo in her favor, and no

_____

[7]The record does not reveal any response from either plaintiff or the district regarding SPP's application to intervene. Plaintiff, in her brief filed with this court, indicates that she was not given an opportunity to respond to SPP's application prior to the circuit court's grant of intervention.

irreparable harm to plaintiff required this change in the status quo just a few months in advance of her high school graduation.

¶ 25    Relying on *Kurle v. Evangelical Hospital Ass'n*, 89 Ill. App. 3d 45, 48 (1980), SPP also argued that plaintiff could not rely on extrinsic evidence, namely her affidavit and Dr. Ettner's affidavit, to obtain a preliminary injunction before the filing of an answer.

¶ 26    Finally, SPP asserted that the balance of hardships did not favor issuance of a preliminary injunction because minor students' rights of bodily privacy were placed at risk by plaintiff's request for unfettered access to the district's girls' locker rooms, which SPP believed were explicitly guaranteed by the Act's exemption for privacy facilities in section 5-103(B) (775 ILCS 5/5-103(B) (West 2016)). Although SPP disagreed with the district's offer of access with the use of a "privacy curtain," SPP still believed that the offer nonetheless tipped the balance of hardships in the injunction proceedings decidedly against plaintiff.

¶ 27                      F. Preliminary Injunction Hearing

¶ 28    The circuit court held a hearing on plaintiff's motion for preliminary injunction on January 19, 2018.

¶ 29    Plaintiff argued during the hearing that she was an 18-year-old senior, who wanted to use the gym and be treated no differently than other girls with respect to the use of the locker room. She specifically stated that the question for consideration was "whether she could be granted use of the locker room for this last semester without restricting her use of it in a way that no other girl is restricted." She reiterated that she would change modestly, and characterized the district's position that schools have a lesser standard as a place of public accommodation as "absurd." Plaintiff's other arguments were as stated in her motion for preliminary injunction.

¶ 30    The district contended that plaintiff's arguments on her motion for preliminary injunction—namely, that she was irreparably injured because she was not given unrestricted access to the locker room and that she would change modestly—were different than the arguments raised in the complaint. The district asserted that there was a difference between unrestricted access, which would not require her or any other transgender student to change modestly, and a request to change in private because if the request was for the latter, there would be no case.

¶ 31    The district further reminded the court that it was currently involved in federal court litigation initiated by SPP, but also involving the American Civil Liberties Union (ACLU),[8] on the issue of whether transgender students were entitled to any access at all to the restrooms and locker rooms that conform with their gender identity, and the present litigation, in which a transgender student challenged the extent of access. The district also noted that plaintiff, who identified as female, was anatomically male; she had access to female bathrooms because there were privacy stalls in the bathrooms; she was called by her preferred name and pronoun, and such status was reflected on her school records; and she was not enrolled in P.E. during her junior or senior year, but was instead taking classes of her choosing.

¶ 32    The district apprised the court that the conditioned access offered plaintiff was exactly the same agreement that was struck with the Office of Civil Rights regarding another transgender

_____

[8]The ACLU also represents plaintiff in this case.

student within the district. The district then asserted the same arguments as raised in its response to plaintiff's preliminary injunction motion.

¶ 33 SPP argued that the exemption for privacy facilities in the Act was not based on gender or gender identity, as asserted by plaintiff, but was instead based on sex. As stated in its response to plaintiff's motion for preliminary injunction, SPP maintained that the district had gone too far and given too much access. SPP then restated the remaining arguments made in its response to the motion.

¶ 34 At this juncture in the proceedings, the circuit court inquired of the parties' counsel whether the fact that plaintiff was anatomically male had any relevance to the case. Plaintiff responded that it had zero relevance because the Act does not distinguish or differentiate on those lines; the district replied that it was a critical factor; and SPP agreed that it was critical.

¶ 35 In ruling on the motion for preliminary injunction, the circuit court recited the history of the Act, and its enactment in 1980. On October 10, 2007, the legislature amended section 5-102 of the public accommodation section of the Act to state that "It is a civil rights violation for any person on the basis of unlawful discrimination to: (A) Enjoyment of Facilities ***. Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation[.]" Pub. Act 95-668, § 5 (eff. Oct. 10, 2007) (amending 775 ILCS 5/5-102). Subsequently, on January 1, 2010, section 5 of the Act was amended again to add section 5-102.2, which reads as follows:

> "Jurisdiction limited. In regard to places of public accommodation defined in paragraph (11) of Section 5-101, the jurisdiction of the Department is limited to: (1) the failure to enroll an individual; (2) the denial of access to facilities, goods, or services; or (3) severe or pervasive harassment of an individual when the covered entity fails to take corrective action to stop the severe or pervasive harassment." Pub. Act 96-814, § 5 (eff. Jan. 1, 2010) (adding 775 ILCS 5/5-102.2).

The circuit court concluded that the later amendment, which did not include the words "full and equal enjoyment," only required the "denial of access" to public accommodations as it related to schools, which indicated that the legislature intended for schools to be treated differently from other places of public accommodation under the Act.

¶ 36 The circuit court denied plaintiff's motion for preliminary injunction, finding that there was no likelihood of success on the merits based on the plain language of the statute. The court ordered the district and SPP to answer the complaint. At this point in the proceedings, plaintiff's counsel told the court that there was also a request for damages based on the previous denial of the use of the facility.

¶ 37 On February 7, 2018, plaintiff filed a Notice of Interlocutory Appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (permissive appeal as of right).

¶ 38                                II. ANALYSIS

¶ 39 On appeal, plaintiff contends that the Act does not permit the district's discriminatory policy and that plaintiff was entitled to a preliminary injunction.

¶ 40 A hearing on a motion for preliminary injunction does not determine any factual issue. *Dixon Ass'n for Retarded Citizens v. Thompson*, 91 Ill. 2d 518, 524 (1982). To establish entitlement to preliminary injunctive relief, a plaintiff must show (1) a clearly ascertainable right in need of protection, (2) irreparable harm without protection of that right, (3) no

adequate remedy at law, and (4) a substantial likelihood of success on the merits of the underlying action. *Caro v. Blagojevich*, 385 Ill. App. 3d 704, 708 (2008). The failure to establish any one of these elements requires the denial of the preliminary injunction. *Yellow Cab Co. v. Production Workers Union of Chicago & Vicinity, Local 707*, 92 Ill. App. 3d 355, 356 (1980).

¶ 41 On review of a trial court's grant or denial of such relief, the appellate court may not decide controverted questions of fact or the merits of the cause under such circumstances. *American National Bank & Trust Co. of Chicago v. Chicago Title & Trust Co.*, 134 Ill. App. 3d 772, 777 (1985). This court generally reviews a trial court's grant or denial of a preliminary injunction for an abuse of discretion. *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010).

¶ 42                                         A. Mootness

¶ 43 Both the district and SPP contend that plaintiff's claim that she was entitled to a preliminary injunction is moot because she graduated from high school on May 20, 2018.

¶ 44 The question of whether a case should be dismissed as moot is one of law and our review is *de novo*. *In re Alfred H.H.*, 233 Ill. 2d 345, 350 (2009).

¶ 45 A case must remain a legal controversy from the time it is filed in the appellate court until the moment of disposition. *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, ¶ 10. " 'The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions.' " *Davis*, 2013 IL App (1st) 123634, ¶ 10 (quoting *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004)); see also *Schnepper v. American Information Technologies, Inc.*, 136 Ill. App. 3d 678, 680 (1985).

¶ 46 It is well established that a case may become moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief. *Mount Carmel High School v. Illinois High School Ass'n*, 279 Ill. App. 3d 122, 124-25 (1996). Even if the case is pending on appeal when the events that render an issue moot occur, as a reviewing court, we generally will not issue an advisory opinion. *Davis*, 2013 IL App (1st) 123634, ¶ 10. This court will not review cases merely to establish a precedent or guide future litigation (*Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982)), nor will we consider issues where the result will not be affected regardless of how those issues are decided (*Alfred H.H.*, 233 Ill. 2d at 351). When a decision on the merits would not result in appropriate relief, such a decision will essentially be an advisory opinion. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10.

¶ 47 Here, in her motion for preliminary injunction, plaintiff sought to enjoin the district from denying her unrestricted use of the girls' locker room to change for P.E. class during her last semester at Palatine High School, solely on the basis of her transgender identity, in violation of section 5-102 of the Act (775 ILCS 5/5-102 (West 2016)). During argument before the circuit court, plaintiff's counsel reiterated that the question was "whether she could be granted use of the locker room for this last semester without restricting her use of it in a way that no other girl is restricted." We note that plaintiff did not frame the issue in that manner in her appellate opening brief, but instead only made arguments supporting the merits of her underlying case.

¶ 48    There is no question that the subject matter of plaintiff's motion for preliminary injunction is moot. Plaintiff's request for unrestricted personal use of the girls' locker room was for her last semester of high school, which began in January 2018. Plaintiff filed this interlocutory appeal on February 7, 2018; thus, arguably, there was an actual controversy from that point until plaintiff's high school graduation. As the parties agreed during oral argument, held on June 26, 2018, plaintiff graduated on May 20, 2018. A reviewing court may take judicial notice of events that reveal an actual controversy no longer exists between the parties. *Schweickart v. Powers*, 245 Ill. App. 3d 281, 286-87 (1993). As plaintiff is no longer a high school student, no court can grant her a preliminary injunction for her unrestricted use of the girls' locker room during her last semester of high school. Moreover, plaintiff conceded at oral argument that her motion for preliminary injunction only sought personal injunctive relief.

¶ 49    As such, we conclude that plaintiff's appeal from the trial court's denial of her preliminary injunction motion is moot. See *Hamer v. Board of Education of Township High School District No. 113*, 140 Ill. App. 3d 308, 316 (1986) (former high school student's claim, challenging grade reduction policy, was moot once she graduated from high school); *Myre v. Board of Education of Seneca Township High School District No. 160*, 108 Ill. App. 3d 440, 444 (1982) (board's appeal from grant of preliminary injunction was moot since student had graduated from high school and an order of this court reversing the trial court's order that credit be given for exams would have, at best, only highly speculative consequences, since plaintiff was already in college).

¶ 50    Plaintiff further asserts, however, that her interlocutory appeal is not moot because this court's ruling will impact damages. She cites *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52 (2006), and *Travelport, LP v. American Airlines, Inc.*, 2011 IL App (1st) 111761, in support. However, plaintiff asserts this contention only in one conclusory sentence in her brief and makes no argument in support of it in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Nov. 1, 2017). The reviewing court is entitled to have issues clearly defined with pertinent authority and coherent arguments presented; arguments inadequately presented on appeal are waived. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). Thus, this argument is *forfeited*. See *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 8.

¶ 51                                   B. Public Interest Exception to Mootness

¶ 52    In the alternative, plaintiff contends that this case may be considered under the public interest exception.

¶ 53    "The public interest exception to the mootness doctrine permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison*, 2016 IL 118129, ¶ 12. Under the public interest exception to the mootness doctrine, the criteria for application are (1) the existence of a question of a public nature, (2) the desirability of an authoritative determination for the purpose of guiding public officers in the performance of their duties, and (3) the likelihood that the question will recur. *Mount Carmel*, 279 Ill. App. 3d at 125. The public interest exception is narrowly construed (*Alfred H.H.*, 233 Ill. 2d at 355-56), and a clear showing of each criterion is required to bring a case within the public interest exception (*Mount Carmel*, 279 Ill. App. 3d at 125-26). Whether a case falls within an established exception to the mootness doctrine is a case-by-case determination. *Alfred H.H.*, 233 Ill. 2d at 353-54.

¶ 54 Plaintiff has failed to address all three criteria necessary to invoke the public interest exception, arguing only that the appeal presents an issue of first impression and schools, the Illinois Human Rights Commission, and state courts need guidance to "understand the contours of the protections for students who are transgender." Nevertheless, we will consider whether this appeal meets the requirements of the public interest exception.

¶ 55 We first consider whether there has been a clear showing that the question presented is of a public nature. See *Alfred H.H.*, 233 Ill. 2d at 355-56.

¶ 56 The specific question presented in this interlocutory appeal is whether the trial court erred in denying plaintiff's motion for preliminary injunction to allow her unrestricted use of the girls' locker room at Palatine High School during her final semester of high school. Thus, plaintiff's motion only sought personal relief and, specifically, only during her last semester of high school, which has since ended.

¶ 57 While plaintiff presents a broad public interest issue in her underlying complaint, the merits of that complaint have not been fully addressed by the trial court. Our decision on the specific issue raised in this interlocutory appeal—namely, whether plaintiff could have unrestricted use of the girls' locker room during her final semester of high school—does not present the kind of broad public interest issue required to satisfy the first element of the public interest exception for review of the denial of plaintiff's preliminary injunction motion. The public nature, if any, of the particular question presented in this appeal ceased to exist with plaintiff's graduation, as she is no longer subject to the district's policy. Any public nature of the issues raised in the underlying case is irrelevant to the examination of the public nature of the issue presented on this appeal. See *Alfred H.H.*, 233 Ill. 2d at 356. As our supreme court found in *Alfred H.H.*, "it has not been clearly established that this issue is of sufficient breadth, or has significant effect on the public as a whole, so as to satisfy the substantial public nature criterion." (Internal quotation marks omitted.) *Alfred H.H.*, 233 Ill. 2d at 357.

¶ 58 The second requirement for the public interest exception to the mootness doctrine to apply is that " 'an authoritative determination of the question is desirable for the future guidance of public officers.' " *Commonwealth Edison*, 2016 IL 118129, ¶ 15 (quoting *In re Shelby R.*, 2013 IL 114994, ¶ 16). "In deciding the need for an authoritative determination, this court looks to whether the law is in disarray or conflicting precedent exists." *Commonwealth Edison*, 2016 IL 118129, ¶ 16. Our supreme court has held that when a case presents an issue of first impression, no conflict or disarray in the law exists. *Commonwealth Edison*, 2016 IL 118129, ¶ 16.

¶ 59 Here, plaintiff's interlocutory appeal concerns a temporary use of the girls' locker room by plaintiff during her last semester of high school while the underlying case was being decided. Any interpretation of the Act in this interlocutory appeal from the denial of plaintiff's preliminary injunction motion would be on an undeveloped record. There is no conflict or disarray in the law, as this is a matter of first impression. Indeed, resolution of plaintiff's underlying case on the merits will provide future guidance for public officials, while ruling on the propriety of plaintiff's now moot preliminary injunction motion will not. We conclude under these circumstances that the second criterion for application of the public interest exception, that an authoritative determination of the question is desirable for the future guidance of public officers, is not met in this case.

¶ 60 The third requirement for the public interest exception to the mootness doctrine is that the material facts that give rise to plaintiff's preliminary injunction motion are likely to recur.

Plaintiff cannot reasonably argue that the question as to her unrestricted use of the girls' locker room during her last semester of high school is likely to recur, as she has graduated from high school and is no longer subject to the district's locker room policies.

¶ 61 Although not argued in her motion for a preliminary injunction, she notes in her reply brief that "there may be dozens of transgender students attending schools in [the district] at any given time" and makes reference to a prior similar dispute between the district and another transgender student.[9] While plaintiff's assertion may be true, it is speculative that other transgender students in the district would file suit[10] and then seek a preliminary injunction based on similar material facts and allegations.

¶ 62 Additionally, the resolution of plaintiff's underlying case on the merits will answer the question of how the Act applies to transgender students' rights concerning school locker rooms. We conclude that plaintiff has not made a clear showing that the material facts are likely to occur in order to satisfy the third criteria for the public interest exception to mootness.

¶ 63 Since plaintiff has failed to meet her burden under the public interest exception to the mootness doctrine, we must dismiss her interlocutory appeal on mootness grounds.

¶ 64 In an interlocutory appeal from the denial of a preliminary injunction motion, we are limited to a determination of the propriety of the court's denial of the relief requested. See *PCx Corp. v. Ross*, 168 Ill. App. 3d 1047, 1056 (1988). Here, the parties focused their arguments in their briefs and during oral arguments on a full determination of the merits of the underlying case and only spoke in passing about the preliminary injunction motion. We make no findings or suggestions as to the merits of the issues in the underlying case, as those have yet to be determined in the trial court proceedings.

¶ 65                                    III. CONCLUSION
¶ 66 For the foregoing reasons, we dismiss plaintiff's interlocutory appeal.

¶ 67 Appeal dismissed.

¶ 68 PRESIDING JUSTICE ROCHFORD, specially concurring:

¶ 69 I write separately to state that our finding—that the specific issues raised in this appeal do not satisfy the public interest exception to the mootness doctrine—does not diminish the importance of the personal interests raised by plaintiff.

¶ 70 I also note that we found this appeal to be moot because plaintiff graduated from Township High School District 211 on May 20, 2018. Plaintiff's reply brief was filed shortly before her graduation on May 8, 2018, and, at that point, this appeal was fully briefed and ready for disposition. This court's careful consideration of this appeal, therefore, did not result in the matter becoming moot.

---

[9]The district has noted in all of its pleadings that there was a similar controversy with a former student who was transgender and to whom use of the locker room was offered and accepted on the same terms as was offered to plaintiff.

[10]We note that the former student that plaintiff references did not file suit.

¶ 71        JUSTICE REYES, specially concurring:

¶ 72        While I agree that the matter before us is moot and the public interest exception does not apply, I write separately to emphasize the procedural posture of this case and to state clearly that our decision does not speak to the merits of plaintiff's complaint.

¶ 73        This matter is before us on an interlocutory appeal after the trial court denied plaintiff's motion for a preliminary injunction. It is well established that the purpose of a preliminary injunction is not to resolve the merits of a case but to preserve the status quo until the merits can be decided. *Callis, Papa, Jackstadt & Halloran, P.C. v. Norfolk & Western Ry. Co.*, 195 Ill. 2d 356, 365 (2001).

¶ 74        In addition, I must disagree with the lead opinion's recitation of the facts in this case. I would limit the discussion to those facts that are strictly relevant to the issue of mootness, which is addressed by this court. Furthermore, I disagree with the lead opinion's inclusion of the description of plaintiff's physicality and find it is irrelevant to the outcome of this appeal.