**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250353-U

Order filed October 27, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| DEREK S. BURRELL, | ) | Appeal from the Circuit Court |
| | ) | of the 21st Judicial Circuit, |
| Plaintiff-Appellant, | ) | Kankakee County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-25-0353 |
| | ) | Circuit No. 25-LA-5 |
| | ) | |
| MAGDA PEREZ, | ) | Honorable |
| | ) | Lindsay Parkhurst, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Brennan and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The circuit court did not abuse its discretion denying plaintiff's petition for preliminary injunction when plaintiff did not properly allege irreparable harm or inadequate remedy; however, it did abuse its discretion by granting a preliminary injunction to defendant when no notice or pleading had been provided to plaintiff.

¶ 2      Plaintiff, Derek S. Burrell, appeals from the Kankakee County circuit court's denial of his petition for a preliminary injunction. On appeal, Burrell argues that he proved every element necessary for a court to grant a preliminary injunction. He also contends that defendant, Magda

Perez, did not provide him with notice of her own request for preliminary injunction, and the court erred in granting it. For the reasons that follow, we affirm in part and reverse in part.

¶ 3                                    I. BACKGROUND

¶ 4         Burrell originally filed a complaint for damages against Perez on January 14, 2025, alleging that the parties had entered into an oral agreement for Perez to sell Burrell a 2017 Nissan Altima. Burrell alleged he was the "rightful" owner of the vehicle and that Perez possessed the title to it but refused to give it to him, thereby breaching their agreement.

¶ 5         At a case management conference on April 14, 2025, Perez advised the court that she did not have possession of the title because the bank held it and would retain possession until the vehicle loan was paid in full. She also stated that Burrell forced her to take over payments on the loan because he failed to make them all on time. She claimed that Burrell owed her approximately $15,000 for payments she had to make for him. Burrell denied this claim.

¶ 6         On April 28, 2025, Burrell filed a petition for preliminary injunction, requesting the court "Restrain Defendant from Possessing or Re-Possessing the 2017 Nissan Altima." In this pleading, Burrell claimed he was the "true and rightful owner" of the vehicle and had been making monthly payments since August 2019. He also alleged that after the initial case management conference, Perez contacted the police to try to repossess the vehicle. When the police did not repossess the vehicle, Perez arrived at Burrell's residence to retrieve it herself. Burrell claimed that he suffered irreparable harm because Perez refused to give him the title, registration, and insurance to the vehicle.

¶ 7         The court held a hearing on Burrell's petition for preliminary injunction on June 17, 2025. Perez argued that because her name was on the title of the vehicle, she was the presumptive owner. Additionally, she argued that damages in this matter could be easily calculated if Burrell were to

2

prevail in his original claim; thus, a preliminary injunction would not be appropriate. Burrell responded that he would have no other vehicle to use if Perez took possession of the vehicle. He maintained that he was the owner because of the oral agreement he and Perez had to sell him the vehicle.

¶ 8    The court granted the petition in part and denied it in part. The court denied the relief sought by Burrell. It stated that it was not sure whether the evidence would support a finding of breach of contract as alleged in the underlying complaint, which is the equivalent of failing to demonstrate a likelihood of success on the merits. See *JL Properties Group B, L.L.C. v. Pritzker*, 2021 IL App (3d) 200305, ¶ 57. The court further stated it was granting the petition in part in concluding that until it made the final determination on the original complaint, Perez was the owner of the vehicle because she was the titleholder. It allowed Perez to take possession of the vehicle but, to maintain the status quo, ordered that she could not sell or dispose of the vehicle until Burrell's original claim was fully litigated. Burrell objected to the court granting Perez possession of the vehicle, arguing that she had not asked for it. In response, the court stated, "Well, they did just now." Burrell appeals this decision.

¶ 9                                   II. ANALYSIS

¶ 10    On appeal, Burrell argues the circuit court erred in its ruling and that he proved all the elements required to receive a preliminary injunction and to keep possession of the vehicle. He further argues that the court improperly ordered possession of the vehicle to Perez.

¶ 11    A preliminary injunction serves to preserve the status quo until the merits of the case can be resolved. *Department of Health Care & Family Services v. Cortez*, 2012 IL App (2d) 120502, ¶ 13. It is an "extraordinary" remedy that "should be granted only in situations of extreme emergency or where serious harm would result if the preliminary injunction was not issued."

*Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378 (2010). To receive a preliminary injunction, the petitioner must show (1) the existence of a right, (2) no adequate remedy at law, (3) irreparable harm will occur unless the preliminary injunction is granted, and (4) a reasonable likelihood of success on the merits in the underlying claim. *Helping Others Maintain Environmental Standards v. Bos*, 406 Ill. App. 3d 669, 697 (2010). For each element, "the plaintiff must raise a 'fair question' that each of the elements is satisfied." *Makindu v. Illinois High School Ass'n*, 2015 IL App (2d) 141201, ¶ 31. All elements must be satisfied, and the failure to establish any element necessitates denial of the preliminary injunction. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 40. Mere opinion, conclusion, or belief is insufficient to satisfy the elements; some evidence must be provided. *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 37.

¶ 12        We will review the circuit court's grant or denial of a preliminary injunction for an abuse of discretion. *Scheffel Financial Services, Inc. v. Heil*, 2014 IL App (5th) 130600, ¶ 8. An abuse of discretion occurs when the court's ruling is arbitrary, fanciful, or unreasonable. *World Painting Co., L.L.C. v. Costigan,* 2012 IL App (4th) 110869, ¶ 12. In an appeal such as this, we do not decide conflicting facts or the merits of the case. *Jones v. Department of Public Aid*, 373 Ill. App. 3d 184, 193 (2007). Instead of deciding the merits, we will only determine whether Burrell demonstrated that there is a fair question as to the following: (1) the existence of his claimed right, (2) if the circumstances lead to a reasonable belief that he will probably be entitled to the relief he seeks, and (3) whether the status quo should be preserved until the circuit court may decide the case on its merits. *Delta Medical Systems v. Mid-America Medical Systems, Inc.*, 331 Ill. App. 3d 777, 788 (2002).

¶ 13    Burrell argues that he proved the element of irreparable harm because without the vehicle he is unable to attend medical appointments, cannot conduct business and run errands, will suffer emotional and bodily harm because of the additional walking he will have to do, and it "only makes statements of 'thank you for your service' ring hollow." These allegations are conclusory statements not supported by the evidence, as there is nothing in the record to indicate these consequences have occurred or will occur in the future. While Burrell argued in the circuit court that he would suffer irreparable harm, he did not provide any evidence to support these conclusory assertions. We may not consider conclusions that are not accompanied by supporting analysis or evidence in the record. *Wolfe v. Menard, Inc.*, 364 Ill. App. 3d 338, 348 (2006). Moreover, Burrell did not allege or argue any of the above points in the circuit court and has therefore forfeited the ability to raise them here in the appellate court. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 77 (" 'It is well settled that issues not raised in the trial court *** may not be raised for the first time on appeal.' " (quoting *Haudrich v. Howmedica*, Inc., 169 Ill. 2d 525, 536 (1996)).

¶ 14    Burrell also failed to establish that he has an inadequate remedy at law. He argues that monetary damages will be inadequate because it may come too late for him to make his medical appointments, he will suffer loss of goodwill with vendors through his business, and without being able to operate his business he will not be able to finance his original claim against Perez. Once again, Burrell has provided argument without having first raised it in the circuit court and without providing sufficient argument on appeal, and we may not consider his new arguments related to this element. See *id.*

¶ 15    A court may not grant a preliminary injunction unless every element is proven. *Maday*, 2018 IL App (1st) 180294, ¶ 40. Burrell did not provide the circuit court with sufficient evidence to find in his favor, nor did he provide this court with sufficient argument to support his appeal.

5

Burrell has therefore failed to prove that he sufficiently satisfied at least two elements required to receive a preliminary injunction. Thus, Burrell's argument fails, and the circuit court did not abuse its discretion in denying his request for a preliminary injunction.

¶ 16　　　　Next, Burrell argues that the court abused its discretion by essentially granting an improper preliminary injunction when it ordered possession of the vehicle to Perez. He primarily argues that no notice was given that Perez sought an injunction and return of the vehicle when the court issued its order. To receive a preliminary injunction, notice must be given to the adverse party that such a request has been made. 735 ILCS 5/11-102 (West 2024). The court's order that the vehicle must be returned to Perez until the underlying complaint was resolved violated this requirement. See *id.* Perez never filed any pleading that could be interpreted as a request for a preliminary injunction. Further, Burrell had no notice that Perez sought a court order to grant her possession until the circuit court inferred from her argument against Burrell's petition that she requested possession.

¶ 17　　　　When an injunction is issued without proper notice, we must reverse. *G & J Parking Co. v. City of Chicago*, 168 Ill. App. 3d 382, 387 (1988). Consequently, we reverse the order directing that the vehicle be returned to Perez and remand for further proceedings consistent with this order.

¶ 18　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　The judgment of the circuit court of Kankakee County is affirmed in part, reversed in part, and remanded with directions.

¶ 20　　　　Affirmed in part; reversed in part. Remanded with directions.