# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Davis v. City of Country Club Hills***, 2013 IL App (1st) 123634

| | |
|---|---|
| Appellate Court Caption | ANTHONY DAVIS, JOHN EDWARDS, CYNTHIA SINGLETON, VINCENT LOCKETT, LEON WILLIAMS, TYRONE HUTSON, STEVEN BURRIS, and FRANK MARTIN, in Their Official Capacities as Aldermen of the City of Country Club Hills, and OSCAR MCNEAL and CHESTER MILLER, as Individuals, Plaintiffs-Appellants, v. THE CITY OF COUNTRY CLUB HILLS, DEBORAH M. MCILVAIN, in Her Official Capacity as Clerk of the City of Country Club Hills, and DAVID ORR, in His Official Capacity as the Cook County Clerk, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3634 |
| Filed | September 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiffs' appeal from the denial of their petition to preliminarily enjoin the results of a referendum to reduce the number of aldermen in defendant city from 10 to 5 was dismissed as moot, since the public-interest exception to the mootness doctrine did not apply where an authoritative determination of the underlying issues in the case would not be provided by an opinion from the appellate court on the trial court's denial of the preliminary relief plaintiffs sought. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-COEL-25; the Hon. Maureen Ward Kirby, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Keri-Lyn J. Krafthefer, of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., of Chicago, for appellants.

John B. Murphey, of Rosenthal, Murphey, Coblentz & Donahue, of Chicago, for appellees.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Pucinski and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1    This interlocutory appeal challenges the trial court's denial of a petition to preliminarily enjoin the results of a referendum reducing to five the number of aldermen in the City of Country Club Hills. A majority of eligible voters approved the referendum at the November 6, 2012, general election, and in April 2013, the voters elected five aldermen, who then took office.

¶ 2    The only issue the trial court determined was the request for preliminary relief. That issue is now moot, and the public-interest exception to the mootness doctrine does not warrant our exercise of review.

¶ 3                                      BACKGROUND

¶ 4    The City of Country Club Hills' city council consisted of 10 aldermen, with 2 representing each of the City's five wards. Qualified voters petitioned to place a referendum on the ballot for the 2012 general election seeking to reduce the number of elected aldermen to five, with one alderman representing each ward. The petition requested that the following proposition be placed on the ballot:

"SHALL THE CITY OF COUNTRY CLUB HILLS RESTRICT          YES [ ]
NUMBER OF ALDERMEN TO 5, WITH ONE ALDERMAN          NO  [ ]
REPRESENTING EACH WARD?

All existing aldermanic terms shall expire as of the date of the next regular aldermanic election, at which time a full complement of aldermen shall be elected for the full term."

¶ 5    This language was taken from section 3.1-20-20(a) of the Illinois Municipal Code (65 ILCS 5/3.1-20-20(a) (West 2008)). After the time for filing objections closed, the city clerk submitted a written certification of the ballot proposal to the county clerk. The referendum question as certified by the city clerk included the question as to whether the number of

aldermen should be reduced to five, but omitted the informational language regarding the expiration of current aldermanic terms. The referendum passed with 58.44% of the vote.

¶ 6 About three weeks later, on November 26, 2012, plaintiffs, which included nine aldermen in their official capacities, as well as two proponents of the referendum, filed a complaint for declaratory judgment, mandamus, and injunctive relief. They alleged the city clerk exceeded her authority by failing to include all of the requested petition language on the ballot, rendering the referendum election void. That same day, plaintiffs filed an emergency motion for a temporary restraining order/preliminary injunction seeking to stop the county clerk from certifying the election results the following day. At an emergency hearing on the plaintiffs' motion, the county clerk's office stated that if the trial court issued an injunction in plaintiffs' favor, it would revoke its November 27, 2012, certification. The plaintiffs then withdrew their request for a temporary restraining order and proceeded on their request for preliminary injunctive relief.

¶ 7 A hearing on the plaintiffs' motion for a preliminary injunction was held on December 7, 2012. Plaintiffs argued that the city clerk had a duty to certify or reject the proposition as requested in the petition and did not have discretion to alter the language of the petition by omitting the informational language on the ballot. The trial judge denied the plaintiffs' motion, finding plaintiffs failed to show irreparable harm because the aldermen still had time to file as independent candidates. The trial judge also concluded that plaintiffs failed to establish a substantial likelihood of success on the merits of the underlying action, noting that the city clerk complied with the Municipal Code by placing the question on the ballot without the informational language and the plaintiffs had time to file objections to the proposition before it was certified. The trial court expressed doubt as to the appropriateness of ignoring the will of the 58% of Country Club Hills citizens who approved the proposition. Thus, the county clerk's November 27, 2012, certification remained in place.

¶ 8 On December 13, 2012, plaintiffs filed this interlocutory appeal asking us to reverse the trial court's order denying their motion for a preliminary injunction, void the results of the November 6, 2012, referendum election, and order that the proposition with the explanatory language be placed on the ballot for the April 9, 2013, consolidated election. Alternatively, if the referendum election was found to be valid, plaintiffs asked the court to hold that their aldermanic seats would not expire until the next aldermanic election in 2015. Plaintiffs did not seek an expedited appeal until January 14, 2013, when they filed a motion to expedite along with their initial brief in this case. That motion was denied by a different panel of this court, and plaintiffs took no further steps to obtain an expedited ruling. The April 9, 2013 general election of the five aldermen proceeded and the Cook County clerk certified the results on April 30, 2013.

¶ 9                                             ANALYSIS

¶ 10 A case must remain a legal controversy from the time filed in the appellate court until the moment of disposition. Although neither party challenged our jurisdiction, as the reviewing court, we have a duty to consider jurisdiction *sua sponte*. The circumstances raised the possibility of mootness, and so we ordered the parties to file supplemental briefs addressing

mootness. See *Emery v. Northeast Illinois Regional Transportation Co.*, 374 Ill. App. 3d 974, 977 (2007). "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004) (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523 (2001)). "A case on appeal becomes moot where the issues presented in the trial court no longer exist because events subsequent to the filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 28. "This court will not review cases merely to establish a precedent or guide future litigation." *Madison Park Bank v. Zagel*, 91 Ill. 2d 231, 235 (1982). Even if the case is pending on appeal when the events that render an issue moot occur, as a reviewing court, we generally will not issue an advisory opinion. *Bluthardt v. Breslin*, 74 Ill. 2d 246, 250 (1979).

¶ 11       Where an election has already passed, a cause is moot. *Jackson*, 2012 IL 111928, ¶ 36 ("It is well established under Illinois law that the conclusion of an election cycle normally moots an election contest."). An otherwise moot issue may be considered in rare cases involving issues presenting " 'a question of great public interest.' " *Circle Management, LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007) (quoting *In re A Minor*, 127 Ill. 2d 247, 257 (1989)). "The public interest exception to the mootness doctrine allows a court to reach the merits of a case which would otherwise be moot if the question presented is of a public nature, an authoritative resolution of the question is desirable for the purpose of guiding public officers, and the question is likely to recur." *Jackson*, 2012 IL 111928, ¶ 44. Not only is the exception construed narrowly, but all three elements must be present. *In re India B.*, 202 Ill. 2d 522, 543 (2002).

¶ 12       In *Jackson*, our supreme court held that the public-interest exception applied to a challenge of a candidate's eligibility for election to the Chicago city counsel, even though the election had been held and another candidate had been in office for more than a year. First, the court noted that the appeal raised a question of election law, which inherently is a matter of public concern. The specific issue presented was likely to recur in future municipal elections–whether a determination that a candidate for municipal office owes more property tax than he or she had paid means that the candidate owes a debt to a municipality within the meaning of section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2010)). Lastly, the court found that a ruling would aid election officials and lower courts in promptly deciding similar disputes in the future, "thereby avoiding the uncertainty in the electoral process which inevitably results when threshold eligibility issues cannot be fully resolved before voters begin casting their ballots." *Jackson*, 2012 IL 111928, ¶ 44.

¶ 13       Plaintiffs urge this court to follow the holding in *Jackson*, and they argue that the public-policy exception applies. But the *Jackson* decision is entirely distinguishable. There, the trial and appellate courts addressed the merits of the objection in determining whether the candidate's name should be placed on the ballot. By contrast, the merits of plaintiffs' underlying complaint have not been fully addressed by the trial court; namely, whether the city clerk exceeded her authority rendering the election invalid. Instead, the trial court's consideration was limited to rejecting a preliminary injunction, the plaintiffs having failed to establish irreparable harm or a substantial likelihood of success on the merits. Under the

record before us, an opinion from this court on the trial court's denial of preliminary relief would not provide an authoritative determination of the issues at the heart of this case. See *Iowa-Illinois Gas & Electric Co. v. Illinois Commerce Comm'n*, 91 Ill. App. 3d 96, 97 (1980) (holding that case would not be considered under public-interest exception where rulings by appellate court would be evidentiary in nature and evidence presented in trial court was incomplete). Therefore, the public-interest exception is not satisfied.

¶ 14                                    CONCLUSION

¶ 15       In the absence of a continuing legal controversy and finding no reason for the exception to the mootness doctrine to apply, we dismiss this appeal.


¶ 16       Appeal dismissed.