2020 IL App (1st) 182679-U

FIFTH DIVISION
Order filed: May 22, 2020

Nos. 1-18-2679, 1-18-2704, & 1-18-2726 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* SUPPORT OF M.S. | ) | Appeal from the |
| | ) | Circuit Court of |
| (JUNE SPEAKER, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | No. 99 D 79495 |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH FLOOD, Executor of the Estate of Roy Warner, Sr., | ) | |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | Honorable |
| (Elizabeth M. Flood and Roy L. Warner, Jr., Third Party Respondents-Appellants)). | ) | Abbey F. Romanek, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismissed the appeals Nos. 1-18-2679 and 1-18-2704 as moot because the complained-of judgment entered against the third-party respondents was fully satisfied by the respondent. We affirm the judgment of the circuit court in appeal

No. 1-18-2726 because the respondent forfeited the issue raised on appeal by failing to raise it below.

¶ 2 The respondent, Elizabeth Flood, as executor of the estate of Roy Warner Sr. (the estate), and the third-party respondents, Flood, individually, and Roy Warner Jr., appeal from an order of the circuit court of Cook County, dismissing their petition brought pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)) to vacate judgments entered in favor of the petitioner, June Speaker. On appeal, the third-party respondents contend that the circuit court erred when it dismissed their section 2-1401 petition because the judgements entered against them are void for lack of personal jurisdiction. The estate also contends that the court erred in determining the amount of damages and attorney fees owed to Speaker. For the following reasons, we dismiss appeals Nos. 1-18-2679 and 1-18-2704 as moot and affirm in appeal No. 1-18-2726.

¶ 3 The procedural history of this protracted litigation is convoluted, and we set forth only the information relevant for disposition of this appeal. The following facts are derived from the various pleadings and exhibits of record.

¶ 4 On April 21, 1999, Speaker filed a complaint for paternity under the Illinois Parentage Act (750 ILCS 45/1 et seq. (West 1998)), seeking a declaration that Warner Sr. was the father of M.S., her minor child born in 1986, and back child support, maintenance, and attorney fees. On September 12, 1999, Warner Sr. filed an answer, in which he admitted that he was M.S.'s biological father. After Warner Sr. failed to comply with a financial discovery order, the circuit court entered an order on October 28, 1999, requiring him to pay Speaker $500 per week in child support. The order stated that it was "temporary and without prejudice to either party until discovery is complete."

¶ 5    Subsequently, on March 17, 2000, the circuit court found Warner Sr. in contempt for failing to comply with its prior order to pay $500 per week in child support. In its order, the court found that: Warner Sr. was capable of paying child support because he owned real estate consisting of a vacant three flat building, a fully rented and income producing apartment building, and a furniture warehouse; and that Warner Sr. had satisfied the court's prior order to pay $500 per week in child support "for a certain period of time, and that his assets and income appear to remain the same today as when he was complying with said child support order."

¶ 6    During the course of discovery, Warner Sr. insisted that his only source of income was social security and that the other sources of income mentioned previously by the court were under his family's control. On June 5, 2000, Speaker filed a motion, requesting that the circuit court add Warner Jr. and Flood, two of Warner Sr.'s adult children, as third-party respondents pursuant to section 406 of the Code of Civil Procedure (Code) (735 ILCS 5/2-406 (West 2000)) and grant her permission to amend her complaint to reflect such a change. Speaker argued that "[a] complete determination of this controversy [could] not be had without the presence of" Warner Jr. and Flood based on Warner Sr.'s responses to discovery. Specifically, the motion cited to Warner Sr.'s interrogatory answers in which he averred that his family was in possession of the requested documents and information and that his family had informed his attorney that they no longer wished to participate in the preparation of his case. The motion also cited to Warner Sr.'s response to a petition for attorney fees in which he stated that his rental income is "under the direction and control of his family," and his family "refused to provide him with funds from his rental properties." Lastly, the motion stated that Flood and Warner Jr. are listed as

managers on a filing with the Secretary of State for an LLC associated with Warner Sr.'s furniture company. The circuit court granted Speaker's motion on that same day.

¶ 7       On July 11, 2000, Speaker filed an amended complaint for paternity against Warner Sr. and named Flood and Warner Jr. as third-party respondents. The amended complaint stated that Flood and Warner Jr. "control the rental income" of Warner Sr. and "have the documentation and records" that Speaker requested during discovery. Speaker sought an order from the circuit court, granting her the following relief: (1) requiring Flood and Warner Jr. to comply with a discovery request "relative to [Warner Sr.'s] income and assets;" (2) declaring Warner Sr. M.S.'s father; and (3) requiring Warner Sr. to pay back child support, maintenance, attorney fees, and costs.

¶ 8       On August 10, 2000, Flood filed a *pro se* appearance. Warner Jr. filed a *pro se* appearance two days later. On August 29, 2000, the circuit court entered an order, requiring the third-party respondents to produce certain documents. Subsequently, the third-party respondents were represented by counsel.

¶ 9       A year later, on September 10, 2001, the circuit court granted Speaker's counsel permission to withdraw. Speaker filed a *pro se* appearance, which listed her address as "4608 N. Oriole, Norridge, Illinois." It does not appear that Speaker retained private counsel again until sometime in 2003.

¶ 10      On January 25, 2002, Warner Sr.'s counsel sent Speaker a request to admit facts, including, *inter alia*, that M.S.'s financial needs totaled $330 per month, Warner Sr. has financially supported M.S. since birth, and no support arrearage existed. The requests to admit were served to the following address: 4806 N. Oriole, Chicago, Illinois 60656. On February 27,

2002, Warner Sr.'s counsel filed an amended affidavit of service for the requests to admit, averring that the requests were served to 4608 N. Oriole, Chicago, Illinois 60656. Speaker did not respond to the requests to admit. Subsequently, on August 12, 2003, Speaker, who was now represented by counsel, filed a motion to strike and quash Warner Sr.'s requests to admit on the grounds that Speaker never received them, and the record reflected that they were served to the wrong address.

¶ 11    On December 10, 2003, Warner Sr. died, and, in May 2004, Flood became the executor of his estate.

¶ 12    On May 19, 2004, two motions were filed on "on behalf of Roy Warner [Sr.]." One was a motion for declaratory relief, which argued that, because Speaker failed to respond to the requests to admit, she has admitted that no support arrearage existed. Warner Sr. sought an order declaring that "no support arrearage or retroactive support exists and that [Speaker] has no claim for support" against Warner Sr. The motion also sought reimbursement for overpayment of child support on the grounds that, due to her failure to respond, Speaker judicially admitted that M.S.'s financial needs were $330 per month, not the $500 per week Warner Sr. was ordered to pay. The second motion filed by Warner Sr. was a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)), arguing that Speaker's pleadings were not well grounded in fact and were intended to harass Warner Sr. or cause a needless increase in the cost of litigation. These allegations were also premised on Speaker's purported judicial admissions.

¶ 13    According to the record, on July 27, 2004, Speaker filed a complaint in the probate division of the circuit court of Cook County (case No. 04 P 1672), seeking $375,000 from the

estate for back child support. The probate court, however, instructed Speaker to pursue her claim for child support in this action.

¶ 14    The circuit court entered an order on October 20, 2004, granting both Warner Sr.'s motion for declaratory relief and his motion for sanctions. In a written order, the court found that Speaker's August 12, 2003 motion to strike evidenced that she had actual notice of Warner Sr.'s requests to admit and that, as a result of her failure to either timely notice that motion or file a timely response, she admitted the facts. Regarding the motion for sanctions pursuant to Rule 137, the court stated that it "adopted as its findings the claims and allegations set forth" in the motion and entered judgment against Speaker in the amount of $103,000.[1]

¶ 15    On April 25, 2005, a motion was filed on behalf of "Roy Warner Sr. (deceased)," seeking both additional sanctions pursuant to Rule 137 and declaratory judgment. Specifically, the motion sought an order declaring that Speaker was not entitled to retroactive child support from Warner Sr. or his estate and that she be "enjoined from filing a claim for retroactive child support in support in the paternity division, probate division, or any court of law." On May 3, 2005, Speaker filed a response, arguing that the motion was "fatally flawed" because the estate was never substituted as a party after Warner Sr.'s death. Speaker also argued that the motion for sanctions was deficient because it failed to specify how her pleadings were "baseless," which is a requirement for sanctions under Rule 137.

¶ 16    On May 19, 2005, the circuit court granted Warner Sr.'s motion for sanctions and declaratory judgment. The court entered an order: (1) finding that Speaker was not entitled to

---

[1] Speaker appealed, *inter alia*, the award of sanctions in favor of Warner Sr. but this court dismissed that portion of her appeal in appeal No. 1-05-0389 (September 24, 2007), finding that it was not a final and appealable order due to the absence of a Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Feb. 1, 1994)) finding.

retroactive child support; (2) enjoining her "from filing any new pleadings regarding retroactive child support in the paternity division, probate division, or any court of law;" and (3) granting Warner Sr.'s motion for Rule 137 sanctions. The order did not make any findings regarding the Rule 137 sanctions, nor did it specify the amount of sanctions it was awarding to Warner. Sr.

¶ 17    On June 29, 2006, Flood, as executor of Warner Sr.'s estate, filed a motion seeking permission to substitute as the respondent. The circuit court granted that motion on December 20, 2006.

¶ 18    On February 16, 2007, Speaker filed a motion, asking the circuit court to vacate all orders entered between December 10, 2003, when Warner Sr. died, and December 20, 2006, when the estate was substituted as a respondent. Speaker argued that Warner Sr.'s death and the subsequent failure to substitute the proper party meant that any orders entered during that time were void for want of jurisdiction. We can find no record of the circuit court ever ruling on this motion.

¶ 19    Over the next three years, the court entered a series of continuances. During this period, counsel for the estate and counsel for Warner Jr. were granted leave to withdraw. According to the record, neither the estate, nor Warner Jr. obtained new counsel. On July 16, 2010, Speaker filed a verified motion for default against the estate and the third-party respondents, arguing that the estate's failure in obtaining new counsel reveals that it "is no longer interested in defending this action or, in the alternative, that is has been culpably negligent." Speaker also argued that the third-party respondents had likewise failed to obtain new counsel.

¶ 20    On December 30, 2011, Speaker renewed her motion for default. Neither the estate, nor the third-party respondents responded to the motion. On May 30, 2012, the circuit court granted Speaker's motion and entered an order of default against the estate, Warner Jr., and Flood.

¶ 21    On July 26, 2012, Speaker filed a partial motion for summary judgment, arguing that the court should vacate two interlocutory orders entered against her by a prior judge. Specifically, Speaker sought to vacate the October 20, 2004 order for Rule 137 sanctions in the amount of $103,000 and the May 19, 2005 order that awarded Warner Sr. an unspecified amount of Rule 137 sanctions, found that she was liable for an unspecified amount of overpaid child support, and enjoined her from filing another pleading regarding retroactive child support in any court. Regarding the October 20, 2004 order, Speaker argued that she never received the requests to admit which formed the basis for the sanctions request, because they were served to the wrong address and should have been stricken. She also argued that neither order for sanctions made any specific findings of fact that would support sanctions as required Rule 137. Speaker also argued that the orders were void for lack of jurisdiction because the court entered them after Warner Sr.'s death but before the estate was substituted as a party. Neither the estate, nor the third-party respondents, filed a response to Speaker's partial motion for summary judgment.

¶ 22    On October 23, 2012, the circuit court granted Speaker's motion and entered partial summary judgment in her favor. In a written order, the court found the following: the October 20, 2004 and May 19, 2005 orders were interlocutory and, therefore, could be vacated, amended, or revised at any time prior to final judgment; the requests to admit were not properly served and should have been stricken by the court; the sanctions entered against Speaker were improper because the record belied the allegation that her pleadings were frivolous and also because the

order did not set forth with specificity the basis for the sanctions; and the orders entered after Warner Sr. died but before the estate was properly substituted as a party were "void and of no force or effect." The court also found that Speaker filed a complaint in the probate division for $375,000 in back child support and attorney fees and set a date for Speaker to "prove up her claim."

¶ 23    On March 12, 2015, Speaker filed a 23-page pleading, 60 pages of billing and cost records, and 56 exhibits to prove up her claim for back child support, attorney fees, and costs. On March 19, 2015, the circuit court entered judgment in favor of Speaker and against the estate and the third-party respondents, jointly and severally, in the amount of $377,526.31. This amount included: $21,460.00 for delinquent child support; $16,900.00 in educational expenses; $37,113.30 in interest; $293,293.71 in retroactive child support; $4799.78 in healthcare expenses; $3959.52 in out-of-pocket expenses. Also on March 19, 2015, the circuit court entered judgment in favor of Speaker and against the estate and the third-party respondents, finding them jointly and severally liable for attorney fees totaling $165,838.40.[2]

¶ 24    On April 20, 2015, the third-party respondents filed a motion pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2014)) to vacate the March 19, 2015 judgments. The third-party respondents argued that they had previously reached a settlement with M.S. in the probate action and they "did not appear in these proceedings as it was their belief" that this settlement also resolved Speaker's claim for child support. In support, the third-party respondents attached a copy of the alleged settlement agreement. Speaker filed a response, arguing that she was not a party to the settlement reached in the probate division between the

---

[2] The initial March 19, 2015 order awarded Speaker $137,979.94 in attorney fees. On June 24, 2015, the circuit court entered an order, *nunc pro tunc* to March 19, 2015, awarding Speaker $165,838.40.

estate and M.S. and, therefore, that settlement did not resolve her claim for child support. On June 24, 2015, the circuit court entered an order, prepared by counsel for the third-party respondents, stating that the motion was withdrawn.

¶ 25    On July 26, 2016, Speaker filed a complaint to foreclose the judgment lien on the apartment building owned by the estate (case no. 2016 CH 10067) to satisfy the March 19, 2015 judgment.[3]

¶ 26    On January 31, 2017, Warner Jr. filed a petition for relief pursuant to section 2-1401 of the Code, arguing that the judgment against him was void for want of jurisdiction for the following reasons: Speaker did not file a complaint seeking any relief against him; the October 20, 2004 order "concluded the case" and if Speaker wished to obtain relief she was required to file a new complaint and properly serve him as required by Illinois Supreme Court Rule 105 (Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)); and Speaker was enjoined from pursuing the relief she was awarded pursuant to a May 19, 2005 order.

¶ 27    On May 29, 2018, Speaker filed a motion pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)) to dismiss Warner Jr.'s section 2-1401 petition for relief. Speaker argued that her amended complaint joined Warner Jr. as a third-party respondent and contained allegations that he and Flood controlled Warner Sr.'s rental income. She further argued that Warner Jr. waived his right to contest whether the court had personal jurisdiction over him when he filed an appearance and participated in the litigation without ever raising the issue of the court's jurisdiction. Speaker also argued that the October 20, 2004 and May 19, 2005 orders

---

[3] Speaker filed a motion with this court, requesting that we take judicial notice of this complaint and a subsequent order entered in the foreclosure action. As discussed *infra*, we granted her motion.

were interlocutory and rescinded by the court in its October 23, 2012 order granting Speaker partial summary judgment.

¶ 28    On May 30, 2018, Flood, both individually and on behalf of the estate, filed a motion asking leave to join Warner Jr.'s section 2-1401 petition for relief. The motion stated that the arguments in Warner Jr.'s petition for relief "are the same arguments movant Elizabeth Flood would assert in a motion for relief from the void March 19, 2015 judgment on her own behalf and on that of the decedent's estate." Flood sought to "adopt the arguments presented in Roy Warner, Jr.'s Petition for Relief from Void Judgment as her own and those of the decedent's estate."

¶ 29    On November 30, 2018, the circuit court enter an order, granting both Flood's motion, on behalf of herself and as executor of the estate, to join Warner Jr.'s section 2-1401 petition for relief and Speaker's motion to dismiss the section 2-1401 petition for relief. In a written memorandum, the court stated that, "in consideration of the fact that [Warner] Jr. himself and multiple attorneys acting on his behalf have raised substantive arguments in these proceedings on matters other than the Court's personal jurisdiction over him, it is abundantly clear that [Warner] Jr. waived any objection to the Court's jurisdiction more than a decade ago." The court also noted that Flood and Warner Jr. "were repeatedly represented by the same attorneys, and the substantive participation of those attorneys in these proceedings on issues extending beyond the question of personal jurisdiction constitutes a waiver of any objection to personal jurisdiction for [Flood] just as much as this Court has held it did for [Warner Jr.]"

¶ 30    On December 21, 2018, Flood and Warner Jr. each filed a notice of appeal from the November 18, 2018 order dismissing their section 2-1401 petition for relief. Warner Jr.'s notice

was assigned appeal No. 1-18-2679 and Flood's notice was assigned appeal no. 1-18-2704. On December 30, 2018, the estate also filed a notice of appeal and was assigned appeal No. 1-18-2726. On January 8, 2019, this court consolidated the appeals.

¶ 31    While this appeal was pending, Speaker filed a motion asking this court to take judicial notice of both her complaint to foreclose the judgment lien (case No. 2016 CH 10067) and a subsequent order entered in the foreclosure action on June 21, 2019, approving the report of sale and distribution of the proceeds. We grant Speaker's motion and take judicial notice of these court documents. See *Metropolitan Life Insurance Co. v. American National Bank & Trust Co.,* 288 Ill. App.3d 760, 764 (1997) (explaining that appellate court may take judicial notice of public documents that are included in the records of other courts).

¶ 32    On appeal, the third-party respondents contend that the circuit court erred in denying their section 2-1401 petition for relief. Specifically, they argue that their petition should have been granted on the grounds that the court lacked jurisdiction to enter monetary judgment against them because Speaker never sought such relief in her complaint, and as a result, the judgment against them is void. The estate also argues that the circuit court erred in determining the amount of the March 19, 2015 judgment.

¶ 33    Speaker responds that the third-party respondents' appeal is moot because the March 19, 2015 judgment has been fully satisfied by the estate and, therefore, should be dismissed. Speaker also argues that the estate has forfeited any argument challenging the amount of the March 19, 2015 judgment by failing to raise the issue below. We first address the mootness issue.

¶ 34    Whether a case has become moot affects this court's jurisdiction to render a decision. A case must remain a legal controversy from the time it is filed in the appellate court until the

moment of disposition. *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, ¶ 10. " 'The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions.' " *Davis*, 2013 IL App (1st) 123634, ¶ 10 (quoting *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004)); see also *Schnepper v. American Information Technologies, Inc.*, 136 Ill. App. 3d 678, 680 (1985). An appeal is considered moot where " 'the reviewing court cannot grant the complaining party effectual relief.' " *In re Marriage of Donald B.*, 2014 IL 115463, ¶ 23 (quoting *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522-23 (2001)).

¶ 35    Here, we agree with Speaker that the third-party respondents' appeal is moot because the judgment they argue was erroneously entered against them has been fully satisfied out of the proceeds from the foreclosure sale of property once owned by the estate. The June 29, 2019 order approving the report of sale and distribution of the proceeds in the foreclosure action reflects that the apartment building once owned by the estate sold for $906,100 and that Speaker was paid the full amount owed from these proceeds. The general rule is that " '[a]ctual payment of a judgment in full to a person authorized to receive it *** operates as a discharge of the judgment *** whether the payment is made by a judgment debtor himself *** or by one of several judgment debtors *** or by another in his behalf.' " *Marks v. L.C.J. Construction, Inc.*, 89 Ill. App. 3d 418, 420-421 (1980) (*quoting* 47 Am.Jur.2d Judgments §992 (1969)). In other words, the third-party respondents are no longer liable to Speaker for any amount because the judgement was satisfied by the estate. See 735 ILCS 5/12-183(a) (West 2018). Given these circumstances, we are incapable of granting the third-party respondents effectual relief and,

therefore, no actual controversy exists. Accordingly, we dismiss the third-party respondents' appeals as moot.

¶ 36    In reaching this decision, we are not persuaded by the third-party respondents' reliance on *Pinkstaff v. Pennsylvania R. Co.*, 31 Ill. 2d 518 (1964). *Pinkstaff* stands for the proposition that "it is well established that the payment or satisfaction of a money judgment by a judgment debtor does not bar the prosecution of a writ of error or an appeal by such judgment debtor." *Pinkstaff*, 31 Ill. 2d at 523. Put simply, the rule in *Pinkstaff* does not speak to the situation presented here. The third-party respondents did not satisfy the money judgment, the estate did. The rule outlined in *Pinkstaff* speaks to whether the estate's payment of the judgment debt moots the appeal as to the estate, not whether it moots the appeal as to the third-party respondents. Therefore, their reliance on *Pinkstaff* is inapposite.

¶ 37    Next, the estate argues that the circuit court made several errors when it determined the amount owed in its March 19, 2015 order. Speaker responds that this issue was never raised below and is, therefore, waived. We agree with Speaker.

¶ 38    The estate appealed from the dismissal of the section 2-1401 petition filed by Warner Jr., which it subsequently joined. When the estate moved to join Warner Jr.'s petition, it adopted the arguments made by Warner Jr. as its own and did not raise any additional arguments. The record reflects that the section 2-1401 petition did not raise any arguments challenging the amount awarded by the March 19, 2015 order. Rather, the petition first argued that the court lacked jurisdiction to enter a judgment against the third-party respondents because Speaker never sought relief from them. This is obviously not true of the estate. From the outset, Speaker sought child support and attorney fees from Warner Sr. and later the estate when it was substituted as the

proper party following Warner Sr.'s death. The petition also argued that the October 20, 2004 order "concluded the case" and the May 19, 2005 order enjoined Speaker from seeking the relief she was awarded. Neither arguments are being pursued by the estate here. Because the estate failed to appeal the March 19, 2015 order directly or raise this issue in its section 2-1401 petition for relief, the estate has forfeited their argument that the court erred in determining the amount of child support and attorney fees and cannot raise it for the first time on appeal. See *Gillard v. Nw. Memorial Hospital.*, 2019 IL App (1st) 182348, ¶ 49.

¶ 39    For these reasons, appeals Nos. 1-18-2679 and 1-18-2704 are dismissed as moot and the judgment of the circuit court is affirmed in appeal No. 1-18-2726.

¶ 40    Nos. 1-18-2679 and 1-18-2704, dismissed.

¶ 41    No. 1-18-2726, affirmed.