2023 IL App (2d) 220048-U
No. 2-22-0048
Order filed March 20, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON f/k/a The Band Of New York, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-6 AND LUKASZ KURZYNSKI, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CH-2358 |
| MARK A. KOCH and KATHLEEN G. KOCH, et al., | ) ) ) ) | |
| Defendants-Appellants | ) ) ) | Honorable Daniel L. Jasica, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendants' failure to perfect a stay of the underlying foreclosure judgment within the time for filing their notice of appeal renders the instant appeal moot pursuant to Illinois Supreme Court Rule 305(k) as the subject property was sold to a third-party, depriving this court of the ability to grant defendants the relief sought.

¶ 2 Defendants, David and Kathleen Koch, appeal from the trial court's order granting judgment of foreclosure and sale in favor of plaintiff, Bank of New York Mellon (BONY). Defendants contend that the trial court's findings in denying their amended counterclaim for recission under the Truth in Lending Act (TILA) (15 U.S.C. §1635(a)) were against the manifest weight of the evidence. Following the trial court's order confirming sale of the subject property, defendants filed a notice of appeal and two motions in this court attempting to secure a stay of the judgment and waiver of bond. Those motions were denied, and the subject property was sold to a third-party purchaser. For the reasons that follow, defendants' contention is moot, and the instant appeal is dismissed.

¶ 3                               I. BACKGROUND

¶ 4 On February 20, 2007, defendants executed mortgage for the property located at 3739 Florida Avenue in Gurnee to secure a loan from Countrywide Home Loans, Inc. (Countrywide) for $216,750.00. Defendant Mark Koch signed a document on February 20, 2007, stating that he "acknowledge[d] receipt of two copies of <u>NOTICE of RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement." Defendants ceased making their monthly payments on February 1, 2008.

¶ 5 On February 19, 2008, defendants sent a notice of recission to Countrywide. The notice was received on February 22, 2008. Countrywide did not respond.

¶ 6 The mortgage and promissory note were assigned to BONY which filed a complaint for foreclosure on June 19, 2008. After some failed attempts to serve defendants with summons, and negotiation between the parties as to a loan modification, defendants filed an answer to plaintiff's complaint on March 5, 2010. Relevant here, defendants asserted recission based on Countrywide's alleged violations of TILA. Defendants alleged, *inter alia*, that Countrywide "failed to provide two

(2) copies of the Notice of Right to Cancel to each borrower" and failed "to deliver *** all material disclosures required by TILA and Regulation Z [12 C.F.R. § 226 *et seq*]." Defendants also filed a two-count counterclaim against plaintiff on March 5, 2010. Count I alleged recission under section 1635(a) of TILA (15 U.S.C. §1635(a)). Count II sought statutory damages for the alleged violations under section 1640(a) of TILA (15 U.S.C. §1640(a)).[1]

¶ 7     On June 23, 2017, following a hearing on plaintiff's combined motion, the trial court issued an order granting the portion of the motion seeking dismissal of defendants' damages count "as to plaintiff as assignee." Defendants' recission count was allowed to proceed.

¶ 8     Plaintiff's foreclosure complaint and defendants' counterclaim, with its lone standing count for recission, proceeded to a bench trial on September 9 and 10, 2018. Defendant Mark Koch testified that the mortgage closing was conducted by a woman that came to his house and had him and his wife sign documents without explaining anything. The woman left documents with defendants and told them that more documents would be sent at a later date. Koch put the documents left by the woman in a folder that he kept in a file cabinet in his home office. He testified that no further documents were ever received. A year later, Koch stated, he noticed that he never received any notice of a right to cancel. He claimed that he and his attorney rescinded the loan by sending a letter to Countrywide via Certified Mail.

¶ 9     Defendant Kathleen Koch testified that she was present when the woman came to their home for the closing. She didn't remember much about the process as she was doing laundry and

---

[1] Defendants were granted leave to file an amended counterclaim and did so on March 31, 2017. The amended counterclaim contains the same two counts and factual allegations as the version filed on March 5, 2010.

washing dishes. She did sign the documents presented to her, however. She remembered the woman leaving copies of documents on the table, which her husband took to his office.

¶ 10    Cherry Maxwell, the woman conducted the closing at defendants' home, testified that she had no recollection of that particular closing. She was unable to testify as to whether defendants received the requisite two notices of the right to cancel, but did state that it was standard practice to bring two sets of documents to the closings; one signed by the borrower for the lender and one left with the borrower, unsigned.

¶ 11    The trial court made detailed findings in dismissing defendants' counterclaim for recission. Ultimately, the trial court did not find David Koch's testimony credible. However, more relevant to the instant appeal, the trial court made the following reiteration:

> "The [defendants] claim for money damages under TILA *** was previously dismissed because as an assignee, [plaintiff] can only be liable for recission, whereas here the alleged disclosure violations are not apparent on the face of the documents. [Citations] Accordingly, the only relief of recission is available to the [defendants] through their counterclaim."

¶ 12    On August 26, 2021, defendants filed a motion to reconsider arguing that judgment on their recission claim should have been awarded in their favor. The trial court denied defendants' motion on October 29, 2021. The trial court entered an order confirming the sale of the subject property on February 10, 2022.

¶ 13    This appeal followed.

¶ 14                              II. ANALYSIS

¶ 15    Defendants filed a notice of appeal in the trial court on February 10, 2022, and an amended notice of appeal on February 22, 2022. Both notices expressed their intent to appeal from (1) the

order of February 10, 2022, confirming the sale of the subject property; (2) the order of November 1, 2019, finding in favor of plaintiff and dismissing defendants' counterclaim; and (3) the order of December 17, 2021, denying defendants' motion to reconsider. Missing from this list is the trial court's June 23, 2017, order granting the portion of the plaintiff's motion that dismissed defendants' damages count in their counterclaim.

¶ 16    On March 1, 2022, defendants filed a motion in this court to stay the trial court's February 10, 2022, order confirming sale of the subject property. The motion states that defendants filed a motion to stay judgment and for waiver of bond in the trial court on February 11, 2022. On February 23, 2022, the trial court entered an order setting appellate bond at $242,000, to be produced by March 4, 2022. The order further stated that defendants' inability to post bond by that date would result in a denial of their motion to stay the February 10, 2022, order confirming sale. Defendants' motion in this court stated that they were unable to secure any bond over $5,000, thus necessitating immediate relief from this court because denial of a stay "could irrevocably limit defendants' right to appeal." The motion went on to state that "the sale of property to the third-party buyer, Lukasz Kurzynski, who is not subject to the court's jurisdiction, should not be confirmed, or [defendants'] appeal will be rendered moot for lack of a remedy." Even further, defendants' motion stated as follows:

"Additionally, [defendants'] Truth In Lending Act *** Counterclaim for recission will be rendered moot if the judgment in this matter is not stayed. Pursuant to TILA, the remedy available in a recission claim involves the unwinding of the transaction, with the borrower returning the original loan amount and the lender relinquishing any claim on the property leveraged. If the sale of the property to a third party is confirmed, then the Court

will lose the authority to return the property to [defendants] even if they would prevail on appeal. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015)."

¶ 17    On March 16, 2022, this court entered an order denying defendants' motion to stay "without prejudice to the filing of their motion *** in the circuit court. Appellants are advised that, should their motion be denied by the circuit court and refiled in this court, appellants must provide the circuit court's basis for the denial."

¶ 18    On April 22, 2022, intervenor Lukasz Kurzynski filed a motion in this court to dismiss the instant appeal as moot pursuant to Rule 305(k). Kurzynski stated that he was the successful bidder at the Sheriff's judicial sale of the subject property on November 2, 2021, and that the trial court entered an order approving the report of sale and distribution on February 10, 2022. Defendants failed to post the requisite $242,000 bond by March 4, 2022, and an order denying their motion to stay judgment and waive bond was entered by the trial court. Defendants filed a subsequent motion to stay judgment and waive bond on March 16, 2022, which was denied on April 20, 2022, by the trial court. The Sheriff of Lake County executed a Sheriff's deed granting, transferring, and conveying ownership of the subject property to Kurzynski on March 24, 2022. Kurzynski, citing Rule 305(k), reiterated that this court could not grant defendants the relief sought on the trial court's dismissal of the recission count in their counterclaim because (1) the subject property passed pursuant to a final judgment; (2) the property's right, title, and interest passed to Kurzynski who is was not part of the underlying foreclosure proceeding; and (3) the litigating party did not perfect a stay of the judgment within the time for filing a notice of appeal. See Ill. S. Ct. R. 305(k) (eff. July 1, 2017).

¶ 19    Defendants filed an objection to the intervenor's motion on April 28, 2022. Amongst their retorts to Kurzynski's arguments for dismissal, defendants asserted the following:

"Intervenor lacks standing to dismiss the portions of the appeal which do not concern the property itself. *** The present appeal concerns not only the *in rem* judgment approving the sale of the subject property, but also the trial court's denial of [defendants'] claims. These claims are for money damages against [plaintiff], and do not concern Intervenor."

In addition to their objection, defendants filed a second motion to stay judgment and waive bond in this court on April 28, 2022. On May 5, 2022, this court denied defendant's second motion and denied Kurzynski's intervenor motion to dismiss, stating that

"Intervenor's motion to dismiss this appeal is denied, without prejudice to the filing of a motion to strike any moot issue that [defendants] raise in their opening brief."

¶ 20    On July 25, 2022, defendants filed their opening brief, contending that the trial court's findings in its dismissal of the recission count of their counterclaim was against the manifest weight of the evidence. No mention of money damages is made at any point in the brief. Plaintiff's response brief argues that the instant appeal is moot for defendants' failure to obtain a stay of the judgment as required by Rule 305(k). See Ill. S. Ct. R. 305(k) (eff. July 1, 2017). Defendants' reply brief is silent as to that argument.

¶ 21    A case must remain a legal controversy from the time filed in the appellate court until the moment of disposition. *Davis v. City of Country Club Hills*, 2013 IL App (1st) 123634, ¶ 10. "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 523. "A case on appeal becomes moot where the issues presented in the trial court no longer exist because events subsequent to the filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief." *Jackson v.*

*Board of Election Commissioners,* 2012 IL 111928, ¶ 28. "This court will not review cases merely to establish a precedent or guide future litigation." *Madison Park Bank v. Zagel,* 91 Ill. 2d 231, 235 (1982). Even if the case is pending on appeal when the events that render an issue moot occur, as a reviewing court, we generally will not issue an advisory opinion. *Bluthardt v. Breslin,* 74 Ill. 2d 246, 250 (1979).

¶ 22 Defendants acknowledged to this court in their first motion to stay judgment and waive bond that the confirmed sale of the subject property to a third party deprives this court of the authority to return the property to them, even if there was prevailing merit to the instant appeal. This acknowledgement was correct. It is clear from the trial court record, as well as defendants' notice of appeal, that they have known this since at least June 23, 2017, when the trial court dismissed the damages portion of their counterclaim. See *supra*, ¶ 7. The trial court reiterated defendants' lack of a claim to monetary damages when articulating its findings in dismissing their remaining count of recission. See *supra*, ¶ 11. However, it remains dumbfounding to this court how defendants could make such an acknowledgement of the prospective extinguishment of their appeal on March 1, 2022, and then assert that they have some non-existent claim for "money damages" on April 28, 2022, in response to Kurzynski's intervenor motion to dismiss after the prospect of extinguishment became reality. When asked during oral argument how this court could provide defendants the relief sought on appeal, defendants' counsel insisted that monetary damages remained available through their recission claim based on our supreme court's holding in *Financial Freedom Acquisition, LLC v. Standard Bank and Trust Co.*, 2015 IL 117950.

¶ 23 In *Financial Freedom Acquisition*, a reverse mortgage was executed between the plaintiff-bank and the defendant-trust on July 9, 2009. *Id*. ¶ 3. Following the execution of the mortgage note, the bank failed to deliver certain disclosure statements to the trust as required by section

1635(b) of TILA. *Id*. ¶ 7. The bank filed a complaint to foreclose the mortgage against the trust on October 14, 2010. The trust sent the bank notice that it was exercising its right to rescind the transaction on June 2, 2011. *Id*. After the bank failed to respond, the trust filed an answer to the foreclosure complaint and a counterclaim alleging violations of TILA and sought recission of the transaction and statutory damages. *Id*. The trust subsequently settled the amount owed on the mortgage note and the bank voluntarily dismissed the foreclosure complaint. *Id*. ¶ 8. The trust elected to proceed on its counterclaim. *Id*. The trial court dismissed the trust's counterclaim with prejudice and that appellate court affirmed. *Id*.

¶ 24 Our supreme court, relying on *Dawson v. Thomas (In re Dawson)*, 437 B.R. 15 (Bankr.D.D.C.2010), held that when the lender fails to comply with its obligations under section 1635(b) of TILA, and the borrower timely sues to enforce its recission rights, "those rights are not subject to loss at a subsequent date by reason of *** a sale of the property." *Id*. ¶ 40, quoting *Dawson*, 437 B.R. at 21. If the right to rescind terminated because of a sale subsequent to exercise of the right to rescind, the borrower would be deprived of its rights under section 1635(b) of TILA to recover damages from the lender under section 1640 of TILA. *Id*. ¶ 39.

¶ 25 Defendants' reliance on *Financial Freedom Acquisition* is misguided as the mortgage note in that case was not assigned. Defendants' claim for statutory damages was dismissed in 2017 because plaintiff, as an assignee, could not be liable for statutory damages where the disclosure violations were not apparent on the face of the documents. See 15 U.S.C § 1641(a) (West 2020). Following that dismissal and the trial court's findings in favor of plaintiff on the remaining claim for recission, defendants' prayer for relief in this appeal were rendered moot when the sale of the property to a third party was confirmed. See IL. S. Ct. R. 305(k). Even if we were to agree with the arguments raised in this appeal concerning the trial court's findings on defendants' recission

claim, the confirmed sale to a third party strips this court of the ability to return the subject property to defendants. See *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015)

¶ 26 The underlying action was initiated nearly 15 years ago. We will not take issue with defendants' attempts to defend and counter-sue throughout the pendency of the proceedings, as that was their right. However, when this court denied defendants' second motion to stay judgment and waive bond on May 5, 2022, the matter became moot and the record shows that defendants were quite aware of that. As this court has lost the authority to grant defendants the relief sought in this appeal, the matter is dismissed.

¶ 27                                    III. CONCLUSION

¶ 28 For the foregoing reasons, the appeal is dismissed.

¶ 29 Dismissed.