**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210451-U

Order filed June 3, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| STEVEN PALMER, | ) | Appeal from the Circuit Court |
| | ) | of the 9th Judicial Circuit, |
| Plaintiff-Appellant, | ) | McDonough County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0451 |
| | ) | Circuit No. 20-L-18 |
| ELBE AUTO SALES, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | Honorable Heidi A. Benson, |
| | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Plaintiff failed to allege a claim of negligent hiring; the trial court did not err when it dismissed his complaint. Plaintiff forfeited his challenge to the trial court's denial of his motion to strike.

¶ 2     Plaintiff, Steven Palmer, appeals the dismissal of his fifth amended complaint against defendant, Elbe Auto Sales, LLC. Plaintiff contends he sufficiently alleged that defendant negligently hired an employee who caused plaintiff's injuries in a motor vehicle accident. We affirm.

## I. BACKGROUND

¶ 4    On November 23, 2020, plaintiff filed a complaint for damages he sustained as a result of a motor vehicle accident with Ray Etter, an employee of defendant. Plaintiff filed a first amended complaint. Two of the seven counts of the complaint are relevant to this appeal. The complaint alleged a claim against defendant for the negligent hiring of Ray Etter. The complaint also sought relief under a theory of *respondeat superior* against defendant.

¶ 5    Defendant filed a motion to dismiss, arguing that plaintiff's complaint failed to state a cause of action. The court granted the motion to dismiss and allowed plaintiff to file an amended complaint.

¶ 6    Plaintiff did not file a second amended complaint. Instead, plaintiff filed a third amended complaint. Then, plaintiff filed a motion to file a fourth amended complaint. Plaintiff attached a proposed fourth amended complaint to the motion. The two-count complaint, again, raised claims of negligent hiring and *respondeat superior*. Defendant objected. Defendant argued that the fourth amended complaint suffered from the same factual insufficiencies as the complaints previously dismissed by the court. The court found that the proposed amended complaint still failed to properly plead a cause of action. However, the court gave plaintiff leave to file a fifth amended complaint.

¶ 7    On July 1, 2021, plaintiff filed his fifth amended complaint. The complaint brought only one claim against defendant for the negligent hiring of Etter. According to the complaint, defendant hired Etter when he was around 80 years old. At the time of the accident in question, Etter was 86 years old. While driving at defendant's direction, Etter crossed the centerline of the road into oncoming traffic. Etter collided with plaintiff's vehicle. Etter died in the accident. The complaint cited scientific studies showing that "older drivers continue to have higher rates of fatal

crashes than most other age groups." In addition, plaintiff alleged that "[s]pecific physical, cognitive and visual abilities may decline with advancing age for some people" and "[h]igher levels of physical, cognitive or visual impairment among older drivers are associated with increased risk of crash involvement." Plaintiff claimed Etter (an 86-year-old) experienced physical and mental disabilities of "some nature, and to some degree" when defendant hired him. The complaint did not make any specific allegation regarding Etter's personal ability to drive. Instead, plaintiff asserted generally that Etter was not fit to perform his duties as a driver due to his age. Therefore, plaintiff claimed that defendant negligently hired Etter.

¶ 8        Defendant filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). Defendant argued that the complaint failed to allege sufficient facts to support a cause of action. Specifically, defendant contended that the negligent hiring claim lacked support because the complaint failed to alleged facts to establish that Etter had a particular unfitness for his employment with defendant.

¶ 9        Plaintiff filed a response to defendant's motion to dismiss. In addition, plaintiff filed a motion to strike defendant's motion to dismiss. Plaintiff claimed that the motion to dismiss contained false or misleading statements and should be stricken in its entirety.

¶ 10        Ultimately, the trial court denied plaintiff's motion to strike. Additionally, the court granted defendant's motion to dismiss and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

¶ 11                                II. ANALYSIS

¶ 12        On appeal, plaintiff contends the trial court erred when it granted defendant's motion to dismiss. A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint by asserting it is facially defective. *Id.*; *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). When reviewing the sufficiency of a complaint, the court must take as true all well-pled facts and

reasonable inferences flowing from those facts. *Id.* In addition, the complaint's allegations must be construed in the light most favorable to the plaintiff. *Id.* "Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Id.* While a plaintiff need not include evidence in the complaint, "the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action [citation], not simply conclusions [citation]." *Id.* at 429-30. We review a circuit court's ruling on a section 2-615 motion to dismiss under the *de novo* standard. *Id.* at 429.

¶ 13    Plaintiff contends that his fifth amended complaint sufficiently alleged claims of negligent hiring and *respondeat superior*. Plaintiff's fifth amended complaint only contains one claim against defendant: negligent hiring. The *respondeat superior* claim appeared in plaintiff's prior complaints, but he failed to include that claim in his fifth amended complaint. Plaintiff abandoned the *respondeat superior* claim by failing to include it in his fifth amended complaint. "[A] party who files an amended pleading waives any objection to the trial court's ruling on the former complaints." *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153-54 (1983). Therefore, any argument regarding plaintiff's claim of *respondeat superior* is not properly before this court. We limit our analysis to plaintiff's claim of negligent hiring.

¶ 14    An action for negligent hiring or retention of an employee requires the plaintiff to

> "plead and prove (1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998).

¶ 15    Plaintiff's fifth amended complaint generally alleged that elderly individuals suffer from mental and physical declines due to their age. Plaintiff alleged scientific studies showed the natural aging process and cognitive decline compromise a person's ability to drive. Since Etter was 86 years old at the time of the accident, plaintiff claimed Etter could not safely drive. Therefore, plaintiff claimed that defendant negligently hired Etter.

¶ 16    We find the facts alleged in plaintiff's complaint are insufficient to support a claim of negligent hiring. "To successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment." *Id.* at 313. Rather, "[t]he particular unfitness of the employee must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position." *Id.* Plaintiff did not allege that Etter himself suffered from any specific age-based decline. Although the complaint relied on scientific studies showing the natural aging process may cause physical and mental decline, the complaint failed to allege that Etter suffered from these declines. In other words, the complaint failed to allege facts to support plaintiff's claim that Etter suffered from a particular unfitness for his position. Plaintiff's complaint does nothing more than assume that Etter's age compromised his ability to drive. These conclusory allegations are insufficient to support a claim of negligent hiring. The trial court did not err when it dismissed plaintiff's fifth amended complaint.

¶ 17    Despite this, plaintiff contends that "[e]ven though it may not have been possible for [plaintiff] to have identified with specificity and exactitude the precise nature of Etter's unfitness to drive, [plaintiff]'s failure to do so is not fatal to the legal sufficiency of his Amended Complaint." According to plaintiff, "generic, non-specific, identification of an unfitness, i.e., consequences of the natural aging process, is sufficient to satisfy the threshold pleading

- 5 -

requirements." We disagree. Conclusory allegations are insufficient to support a cause of action. There is no factual allegation that Etter's age prevented him from driving safely. The generic scientific studies quoted in the complaint do not support plaintiff's conclusory allegations. Plaintiff simply assumes that all elderly individuals cannot safely drive.

¶ 18    Finally, it is unclear from his brief whether plaintiff is challenging the court's denial of his motion to strike defendant's motion to dismiss. Our confusion arises from the discrepancies in plaintiff's appellate brief. The table of contents does not contain a heading for an argument on this issue, but the points and authorities' section has a heading challenging the denial of his motion to strike. However, there is no corresponding heading in the argument section of his brief. There is a brief reference to a motion to strike in the argument section, but it is mentioned in passing in an argument challenging whether he sufficiently pled a cause of action. It is unclear whether plaintiff is pursuing this argument. Regardless, the argument is not developed in any meaningful way. A party must clearly define the issues to be decided and set forth cogent arguments in support of their position. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 50. A party forfeits an argument when they fail to adequately develop it. *Id.* We find the issue is forfeited.

¶ 19    III. CONCLUSION

¶ 20    For the foregoing reasons, we affirm the judgment of the circuit court of McDonough County.

¶ 21    Affirmed.