NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220354-U

NO. 4-22-0354

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 9, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| STEVEN KRULL, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Hancock County |
| v. | ) | No. 21L5 |
| | ) | |
| RON ELBE, JUSTIN ELBE, and ELBE AUTO SALES, | ) | |
| LLC, a/k/a RON ELBE AUTO SALES, LLC, | ) | Honorable |
|     Defendants-Appellees. | ) | William E. Poncin, |
| | ) | Judge Presiding. |

---

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding plaintiff had established no error with respect to the denial of his motions or the dismissal of his complaint.

¶ 2    Plaintiff, Steven Krull, filed a complaint alleging various claims against defendants, Ron Elbe, Justin Elbe, and Elbe Auto Sales, LLC, a/k/a Ron Elbe Auto Sales, LLC. Thereafter, plaintiff filed a motion for entry of default, defendants filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/619.1 (West 2020)), and plaintiff filed a motion to strike defendants' combined motion to dismiss. Following a hearing, the circuit court denied plaintiff's motions and dismissed plaintiff's complaint with prejudice. Plaintiff now appeals, asserting various errors. For the reasons that

follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                              A. Plaintiff's Complaint

¶ 5        In October 2021, plaintiff filed a complaint against defendants in the circuit court of Hancock County. In his complaint, plaintiff alleged claims of negligent hiring, negligent ratification, negligent retention, negligent training, and *respondeat superior*. The claims were based upon allegations that, on January 22, 2019, an employee of defendants, Ray Etter, negligently operated a motor vehicle and caused a collision with another motor vehicle "being driven and operated by Steven Palmer with [plaintiff] as a passenger." Plaintiff sought damages from defendants for "bodily injuries and damage to his property."

¶ 6                        B. Motion for Entry of Default

¶ 7        In November 2021, plaintiff filed a motion for entry of default. In his motion, plaintiff requested the circuit court enter "an order of default" pursuant to section 2-1301 of the Civil Code (*id.* § 2-1301), because defendants, despite being served with copies of the complaint and summons, failed to timely appear, answer, or otherwise defend and were "now in default." Attached to plaintiff's motion was a draft document titled, "ENTRY OF DEFAULT BY CLERK." The draft default contains areas for a date of issuance and a signature of the circuit clerk, areas which were never completed.

¶ 8            C. Notices of Hearing on the Motion for Entry of Default

¶ 9        In late December 2021, plaintiff provided defendants with notices of hearing on the motion for entry of default.

¶ 10     D. Entry of Appearance, Response to the Motion for Entry

of Default, and Combined Motion to Dismiss the Complaint

¶ 11    In early January 2022, counsel filed an appearance on behalf of defendants. Defendants then, through counsel, filed a response to plaintiff's motion for entry of default and a combined motion to dismiss plaintiff's complaint.

¶ 12    Defendants requested the circuit court deny plaintiff's motion. In support thereof, defendants asserted (1) they could reasonably be expected to ignore the service of the complaint on the belief it was related to a complaint previously filed against them by plaintiff in McDonough County and on the belief their counsel of record in that case had received the pleading and was handling the matter accordingly; (2) their counsel of record in the McDonough County case, who was also now their counsel in this case, had not in fact been provided notice of the complaint in this case at the time of its filing; (3) their counsel filed an appearance and the instant response within days of being made aware of the motion for entry of default; (4) they had a meritorious defense against the claims in the complaint; (5) plaintiff would suffer no prejudice by the denial of the motion; and (6) default was a drastic remedy. Defendants attached to their response a first amended complaint filed in the circuit court of McDonough County in January 2021. In the complaint, plaintiff, along with Palmer, sought damages from defendants and the Estate of Ray Etter for injuries they sustained from the motor vehicle accident with Etter. The complaint was prepared by the same counsel who represents plaintiff in this case.

¶ 13    In their combined motion to dismiss, defendants requested the circuit court dismiss plaintiff's complaint with prejudice. In support thereof, defendants asserted the complaint

(1) pursued claims which were beyond the applicable two-year statute of limitations (*id.* § 13-202), (2) failed to plead the required elements of the alleged claims, (3) failed to plead sufficient facts to support the alleged claims, and/or (4) set forth unrecognized legal claims. Defendants attached to their motion various records from the McDonough County case. As gleaned from those records, plaintiff and Palmer, through the same counsel who represents plaintiff in this case, filed an initial complaint in November 2020. The complaint was then repeatedly dismissed without prejudice and then refiled as amended. Around June 2021, the amended complaint no longer alleged claims against the Estate of Etter and no longer named plaintiff as a party. Ultimately, a fifth amended complaint pursued by Palmer against defendant Elbe Auto Sales, LLC, was dismissed with prejudice in September 2021, a dismissal which, we note, was affirmed on appeal in June 2022. See *Palmer v. Elbe Auto Sales, LLC*, 2022 IL App (3d) 210451-U.

¶ 14                 E. Motion to Strike the Combined Motion to Dismiss

¶ 15        In February 2022, plaintiff filed a motion to strike defendants' combined motion to dismiss as well as a supporting memorandum of law. Defendants responded to plaintiff's motion and supporting memorandum.

¶ 16        In his motion to strike and supporting memorandum, plaintiff requested the circuit court strike defendants' combined motion to dismiss. In support thereof, plaintiff asserted the combined motion was substantially insufficient at law because defendants had been "in default" (emphasis omitted) since the circuit clerk entered a default against them in November 2021 and, absent a motion or petition seeking to set aside or vacate the default, the only issue properly before the court concerned whether a default judgment should issue following a prove-up hearing. With

respect to a circuit clerk's authority to take such an action, plaintiff relied upon case law from other states and a federal rule of civil procedure. In addition, plaintiff relied upon the language of section 2-1301(e) of the Civil Code (*id.* § 2-1301(e)) for the proposition a circuit court may set aside "any default" before a final order or judgment was language encompassing "a clerk's default."

¶ 17 In their responses to plaintiff's motion to strike and supporting memorandum, defendants requested the circuit court deny plaintiff's motion. In support thereof, defendants asserted plaintiff's motion was based upon faulty factual and legal premises. Specifically, defendants argued no default had been entered against them and there was no mechanism under Illinois law by which a circuit clerk could enter a default against a party.

¶ 18 F. Hearing on the Pending Motions

¶ 19 In March 2022, the circuit court held a hearing on the pending motions. During the hearing, defendants' counsel asserted, as he had repeatedly in the combined motion to dismiss, plaintiff "abandoned his claims" against defendants in the McDonough County case. Counsel explained plaintiff was no longer a named litigant in the McDonough County case "not because, you know, he was particularly dismissed out with prejudice or that there was a voluntary dismissal or anything of the like. He just wasn't named in the Fourth Amended Complaint." Counsel also asserted, as he had in the combined motion, dismissal was warranted because the claims in the complaint were brought beyond the applicable two-year statute of limitations. Plaintiff's counsel did not respond to these assertions of defendants' counsel.

¶ 20 After hearing from the parties, the circuit court (1) denied the motion for entry of default, which it construed as a motion for default judgment; (2) denied the motion to strike the

combined motion to dismiss; and (3) dismissed the complaint with prejudice. With respect to its denial of default judgment, the court indicated it had considered (1) default was a drastic remedy; (2) the form summonses served on defendants were not fully completed; (3) defendants' counsel, who was the counsel of record in the McDonough County case, had not been provided notice of the complaint at the time of its filing; and (4) the appearance of a meritorious defense against the claims in the complaint. The court found dismissal of the complaint was warranted because, *inter alia*, the claims were filed beyond the applicable two-year statute of limitations.

¶ 21    This appeal followed.

¶ 22                                    II. ANALYSIS

¶ 23    On appeal, plaintiff argues the circuit court erred in its denial of his motion for entry of default, denial of his motion to strike the combined motion to dismiss, and dismissal of his complaint with prejudice. Defendants, in response, contend plaintiff's  arguments are without merit.

¶ 24    We begin with plaintiff's complaints about the circuit court's denial of his motion for entry of default and denial of his motion to strike the combined motion to dismiss. With respect to his motion for entry of default, plaintiff argues the court erroneously (1) construed the motion as a motion for default judgment, (2) *sua sponte* vacated the circuit clerk's entry of default and then ruled on the issue of defendants' default, and (3) denied him a default judgment. With respect to his motion to strike the combined motion to dismiss, plaintiff argues the court erroneously concluded the combined motion was properly before it for a ruling.

¶ 25    The majority of plaintiff's arguments are premised on the notion defendants were

defaulted by the circuit clerk in November 2021. "It is well established that, on appeal, the party claiming error has the burden of showing any irregularities that would justify reversal." *In re Linda B.*, 2017 IL 119392, ¶ 43, 91 N.E.3d 813. Furthermore, "[i]t is the appellant's burden to present a sufficiently complete record of the proceedings *** to support a claim of error, and any doubts that may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 26        Plaintiff has not provided this court with any factual or legal support for the notion defendants were defaulted by the circuit clerk in November 2021. The record provided by plaintiff provides no indication the circuit clerk entered a default. Indeed, the draft default attached to plaintiff's motion was never completed by the circuit clerk. Moreover, plaintiff has not provided, nor do we find, any Illinois authority granting circuit clerks the power to enter a default against a party. Absent any factual or legal support for the notion defendants were defaulted by the circuit clerk, the majority of plaintiff's arguments fail.

¶ 27        The only remaining argument from plaintiff not premised, at least not entirely, on the notion defendants were defaulted by the circuit clerk concerns whether the circuit court erroneously denied him a default judgment. A court's decision to deny a default judgment will not be disturbed on review absent an abuse of discretion. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 51, 960 N.E.2d 1. A court "abuses its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." (Internal quotation marks omitted.) *Id.*

¶ 28        Plaintiff has not shown the circuit court's decision to deny him a default judgment

amounted to an abuse of discretion. Contrary to plaintiff's suggestion, the record does not show a misunderstanding of the law related to motions for default judgment, a misapprehension concerning the sufficiency of the summons, or an improper reliance on records from the McDonough County case provided by defendants in this case. The record in this case shows the court denied plaintiff's motion after giving due consideration to the issue.

¶ 29    Accordingly, we conclude plaintiff has not established any error with respect to the denial of his motion for entry of default or the denial of his motion to strike the combined motion to dismiss.

¶ 30    We turn next to plaintiff's contention the circuit court erred in its dismissal of his complaint with prejudice. Plaintiff argues, among other things, the court erroneously found dismissal was warranted because his claims were filed beyond the two-year statute of limitations.

¶ 31    Plaintiff's argument is premised on two distinct legal theories: (1) his personal injury claims were timely because they were brought within one year following his voluntary dismissal of them in the McDonough County case (735 ILCS 5/13-217 (West 2020)) and (2) his property damage claims were timely because they were brought within the applicable five-year statute of limitations (735 ILCS 5/13-205 (West 2020)). Again, "[i]t is the appellant's burden to present a sufficiently complete record of the proceedings *** to support a claim of error, and any doubts that may arise from the incompleteness of the record will be resolved against the appellant." *Linda B.*, 2017 IL 119392, ¶ 43. Furthermore, the failure to raise an argument before the circuit court in response to a motion to dismiss results in its forfeiture. *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 94.

¶ 32 The legal theories plaintiff pursues in support of his argument on appeal lack factual and legal support. Absent from the record provided by plaintiff is any indication plaintiff voluntarily dismissed his claims against defendants in the McDonough County case. In fact, the assertions by defendants' counsel throughout the proceedings below, assertions which plaintiff never refuted, indicate there was never a voluntary dismissal. Also absent from the record provided by plaintiff is any indication of the property damage sustained by plaintiff. The allegations in plaintiff's complaint suggest the vehicle in which plaintiff was injured was owned by Palmer, not plaintiff. In fact, plaintiff on appeal refers to the vehicle in which he was injured as "the Palmer vehicle." Moreover, when presented with defendants' argument for dismissal because the claims were beyond the applicable two-year statute of limitations, plaintiff did not argue against dismissal based upon the legal theories he now pursues on appeal. As such, those arguments are forfeited. Absent a showing of any error with respect to the court's finding plaintiff's claims were filed beyond the two-year statute of limitations, dismissal with prejudice was proper, and we need not review the court's other grounds for dismissal.

¶ 33 Accordingly, we conclude plaintiff has not established any error with respect to the circuit court's dismissal of his complaint with prejudice.

¶ 34                                III. CONCLUSION

¶ 35 For the reasons stated, we affirm the circuit court's judgment.

¶ 36 Affirmed.